MARY COOGAN *vs.* JAMES M. LYNCH, ADMINISTRATOR, C. T. A.

Third Judicial District, New Haven, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A defendant who alleges affirmatively a fact which he could have proved just as well under his general denial, presumably does so with the idea of making his defense appear to be stronger and more aggressive, and thereby invites the court to charge that he has assumed the burden of proof upon that particular issue. He is therefore estopped from complaining that the court erred in so charging the jury.

In the present case a widow sought to recover from the estate of her deceased husband moneys paid by her to him from time to time upon his alleged oral promise to leave her all his property by will, which he failed to keep. The defendant administrator c. t. a. denied the alleged promise, but admitted the payments and averred that they were intended and accepted as gifts. *Held* that under these circumstances the defendant could not complain of a charge which cast upon him the burden of proving that the payments were gifts; and that no injustice could have been done him in the present instance inasmuch as the jury were also told that the presumption, as between husband and wife, would be that the payments were intended as gifts, unless from all the evidence the jury were satisfied by a fair preponderance of the evidence that the express contract relied upon by the plaintiff had been established.

Coogan v. Lynch.

An instruction which could not have affected the verdict actually rendered, though it might have had a bearing had the jury reached a different result, is harmless, even if erroneous.

Argued January 22d—decided March 5th, 1914.

ACTION to recover, as damages, moneys advanced by the plaintiff to the defendant's testator upon his alleged oral promise to leave her all his property, consisting of real estate, at his death, which he failed to do, brought to the Superior Court in New Haven County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff for $7,494, and appeal by the defendant. *No error.*

*James M. Lynch,* with whom was *William Kennedy* and *Harry J. Beardsley,* for the appellant (defendant).

*William E. Thoms,* for the appellee (plaintiff).

BEACH, J. Only the second and third assignments of error are relied upon. The complaint alleged, in substance, that the plaintiff, by several different payments, turned over to her husband during his lifetime the total sum of $4,850 on his express promise to leave her all his property at his death; that he died leaving a will by which a considerable part of the property was given to children by a former marriage; and that the plaintiff had presented her claim to the administrator and it had been disallowed. The answer admitted the payments in question, but denied the promise, and, as a further defense, alleged that the payments were intended and accepted as gifts. The reply denied the affirmative allegations of the answer.

As to the second assignment of error the court charged the jury in part as follows: "Now, in all civil cases the burden of proof is upon the party, is usually upon the party, alleging any question of fact. So that,

in this case, the burden is upon the plaintiff to prove by the fair preponderance of evidence that this money was paid over to her husband, or transferred to her husband, under an agreement that he would make his will in her favor; that much of that burden is upon her. The defendant having alleged it was intended as a gift and that it was nothing but a gift, the burden is upon the defendant to establish the fact that it was a gift, which of necessity nullifies the allegation in the complaint that it was paid over under an agreement." The last sentence above quoted, beginning with the words "The defendant having alleged it was intended as a gift," is objected to on the ground that the jury were thereby told that the defendant was bound to nullify the plaintiff's claim, and the plaintiff was in effect relieved from the burden of proving the allegations of the complaint.

We think this objection is not well founded. The court was justified in following the pleadings and in assigning to each party the burden of proving the facts which he affirmatively asserted to be true. A defendant who voluntarily alleges a fact which could also have been proved under a simple denial, presumably does so with the idea of making his defense appear to be stronger and more aggressive, and invites the court to charge that he has assumed the affirmative upon that particular issue. He is therefore estopped by his own pleading from complaining that the court erred in so charging the jury. *Distin* v. *Bradley*, 83 Conn. 466, 76 Atl. 991; *Knapp* v. *Tidewater Coal Co.*, 85 Conn. 147, 157, 81 Atl. 1063. Moreover, no injustice could possibly have been done in this case, because the court made it clear that the plaintiff was still bound to prove the essential allegations of her complaint, and not only repeated in several forms the statement that the burden was upon the plaintiff to

prove the express promise alleged in the complaint, but also charged the jury that the presumption, as between husband and wife, would be that the payments were intended as gifts, unless from all the evidence the jury was satisfied by a fair preponderance that there was an express contract on the part of the husband that he would leave his wife his entire property.

The third assignment of error deals with a portion of the charge relating to the statute of limitations, which was pleaded as a special defense. After observing, in another part of the charge, that the statute of limitations would not begin to run during the decedent's lifetime upon a promise not to be performed until his death, the court then charged the jury that even if they should find there was no contract on the husband's part to leave his entire property to the plaintiff, she might, nevertheless, recover certain sums, amounting to $850, which had been paid over within six years next before the death of the husband, if the jury found that this $850 was paid over as a loan, with the expectation on the part of both husband and wife that it should be repaid. The objection is that no foundation is laid in the complaint for a recovery of money loaned; and that as the verdict, to the extent of $850, may have been based on this instruction, the defendant is entitled to a new trial, at least as to that amount.

We think this objection, also, is groundless, for the reason that the portion of the charge objected to in the third assignment of error was applicable only to a partial recovery, in the event that the plaintiff had failed to prove the express promise alleged in the complaint. But the jury found a verdict for the total amount of $4,850, with interest; and this they could not have done under the instructions given them unless they had found that the plaintiff had proved the

express promise alleged in the complaint, which prom-
ise, as alleged, applied as well to the $850 paid over
since 1906 as to the payments made before that date.
As that portion of the charge objected to by the third
assignment of error could not have affected the verdict
actually rendered, it is unnecessary to pass upon the
question of variance.

There is no error.

In this opinion the other judges concurred.