DOMINIKAS VYCAS vs. ST. GEORGE GUARD SOCIETY.

Third Judicial District, Bridgeport, April Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A member of a fraternal society who has been tried by a jury of the society according to its constitution and by-laws, and has been expelled, cannot retry the question of his guilt in an action against the society to recover damages for his alleged illegal expulsion; nor can a particular by-law be challenged as illegal and void, unless that issue is raised by the pleadings.

A defendant who unnecessarily sets forth in a "special defense" facts which are inconsistent with the allegations of the complaint and therefore provable under a general denial, is in no position to complain if the court takes him at his word and erroneously instructs the jury that he assumes the burden of proof as to that defense. On the other hand, the plaintiff is not aggrieved if he is required, as in the present case, to assume the burden of proving the allegations of his complaint.

A by-law of the defendant society provided that if a member was "wronged in any way " by a fellow-member, he must first of all make his complaint to the society and request a trial by the society's tribunal. Held that this provision was broad enough to include any kind of a wrong which might lawfully be treated as such.

A member of a fraternal society whose constitution and by-laws are not illegal, is bound to exhaust his remedies within the society before resorting to the courts.

Argued April 12th—decided July 7th, 1922.

ACTION to recover damages for the alleged illegal expulsion of the plaintiff from the defendant society, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

The complaint alleges that before October 3d, 1920, the plaintiff was a member in good standing of the defendant society; that on said day the plaintiff, "without notice and without any violation on his part of the constitution and by-laws of the society, was expelled"; and that he has been damaged thereby in the particulars set forth. The answer admits the expulsion, but denies that it was without notice or without violation by the plaintiff of the constitution and by-laws of the society. These denials are further elaborated in a so-called "special defense" which, as amended, alleges that on or about July 1st, 1920, the plaintiff violated Article 12 of the by-laws of the defendant society, "the charge being that said plaintiff had wronged the said Boleslovas Puziatis, who was then a member of the defendant society in good standing, financially, and in his honor, by his vile conduct and behavior, and that he caused the arrest of the said Boleslovas Puziatis, without first bringing the matter in dispute . . . to the attention of the society"; that notice of a hearing on the charge was given to the plaintiff; that on July 19th, the plaintiff being present and heard, a jury found the plaintiff guilty as charged; and that plaintiff was expelled, all in accordance with the rules, regulations and by-laws of the society. It is further alleged that the finding of the jury was adopted by the society, and that the plaintiff was given leave to appeal to the society as a whole, but that the plaintiff neglected and refused to do so. The plaintiff's reply denies the allegations of the special defense.

On the trial the by-laws of the society and the record of the proceedings leading up to the plaintiff's expulsion were admitted in evidence; and the court charged the jury, in substance, that they were not concerned with the merits of the controversy between Puziatis and the plaintiff, and that if they found that the plaintiff was tried by the duly-constituted court of the society in accordance with its constitution and by-laws and was found guilty and expelled, and if they further found that the plaintiff was entitled to an appeal to the general society and did not avail himself of his right of appeal, he could not recover in this action. The jury returned a verdict for the defendant, and the plaintiff appeals for errors in the charge and for one error in a ruling on evidence. Plaintiff on his redirect examination was asked: "What did you tell the jury of the society about Puziatis' arrest, etc.? " This was objected to as not proper redirect examination, and the objection sustained.

*Ulysses G. Church,* with whom was *C. M. Lukosius,* for the appellant (plaintiff).

*Charles S. Hamilton,* with whom, on the brief, was *Michael* V. *Blansfield,* for the appellee (defendant).

BEACH, J. There is no finding that the plaintiff excepted to the ruling on evidence. Besides, the objection sustained was that the question was not proper redirect examination, and the finding throws no light on the correctness of that ruling. Independently of these fatal omissions, the question was claimed on the ground that "all that took place before the jury of the society should be related for the purpose of showing that the plaintiff had not violated any legitimate rule or regulation of the society." If by that it was

intended to claim the right to retry the question of fact as to whether the plaintiff was guilty as charged, the ruling is correct. If it was intended to claim that any particular by-law was illegal and void, the pleadings do not raise that issue.

The claim that the court erred in failing to charge that the burden of proving the allegations of the special defense was on the defendant, is unsound. All the facts so alleged were admissible under the denials of the first defense. By affirmatively alleging some facts inconsistent with the essential allegations of the complaint, the defendant did not relieve the plaintiff of the burden of proving that his expulsion was "without notice and without any violation on his part of the constitution and by-laws of the society."

A defendant who unnecessarily elaborates a general denial by alleging facts inconsistent with the allegations denied, is in no position to complain, in case the court takes him at his word and erroneously instructs the jury as to the burden of proof. This, however, is not because the burden of proof is shifted, but because the defendant cannot take inconsistent positions in dealing with the court. The charge that the burden of proof rested on the plaintiff in this case was correct.

It is said in the brief, though not made a reason of appeal, that the court erred in telling the jury that the charge on which the plaintiff was tried was a violation of the by-laws of the society. According to the record of the proceedings the charge reads as follows: "I, Boleslovas Puziatis, have been wronged both financially and my honor offended by Dominikas Vycas, therefore the Honorable St. George Guard Society to solve our question and sentence according to the by-laws of the Society." This charge seems to be sufficient, for it follows almost literally § 2 of Article 12 of the by-laws printed in the record, which

provides that a member being "wronged in any way" must first of all make a complaint with the society and request a trial by the court of this society. The appellant's contention appears to be that the only act prohibited by this by-law is the bringing of an action in a civil court against a fellow-member without having first submitted the issue to the court of the society. We do not so read this section; on its face it covers a wrong of any kind. It does not clearly appear what was the particular wrong of which Puziatis complained. There are some intimations in the record that the plaintiff was charged with having caused the arrest of Puziatis without first bringing the matter in dispute before the court of the society. There is, however, no finding that either party made such a claim on the trial, or offered evidence to prove it. Indeed, the exact nature of the alleged wrong seems immaterial, for, provided it was one which might lawfully be treated as such, the broad language of the charge as it appears on the record of the court of the society would justify a conviction for any kind of a wrong which might lawfully be treated as such.

The claim that § 2 is illegal and void because it may be construed to prohibit one member from informing against another for a violation of law, is not tenable. The by-law simply requires an injured member to first make his complaint to the court of the society; and, as provided in another section, the first duty of such court is to attempt to compose the difficulty, and failing in that, to try the offender. Resort to the court is postponed but not forbidden. Section 7 further provides that in case of "big or criminal wrongs" the complainant may request the society for permission to apply directly to the court. There is nothing necessarily illegal in these provisions of the by-laws.

The other reason of appeal seems to be based upon

the narrow construction of § 2 which we have already rejected. It is, of course, not denied that if the proceedings before the court of the society were in accordance with the constitution and by-laws of the society and those by-laws were not in themselves illegal, the plaintiff was bound to exhaust his remedies within the society before resorting to the courts. *Mead* v. *Stirling,* 62 Conn. 586, 27 Atl. 591; *Gardner* v. *East Rock Lodge,* 96 Conn. 198, 113 Atl. 308; *White* v. *Greene,* 96 Conn. 265, 270, 114 Atl. 112.

There is no error.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before the opinion was written.