BENJAMIN KRAWITZ *vs.* JOSEPH GANZKE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 2d—decided April 19th, 1932.

*John Henry Sheehan,* with whom was *Samuel H. Rosenthal,* and, on the brief, *Joseph S. Carusi,* for the appellant (defendant).

*Morris B. Straka,* for the appellee (plaintiff).

BANKS, J. The defendant was in the business of furnishing and fitting artificial limbs and surgical appliances, and operated two stores in New Haven, one on Congress Avenue and one on State Street. In August, 1928, he employed the plaintiff as manager of the Congress Avenue store at a salary of $50 a week, which was later increased to $55 a week. On July 25th, 1930, the parties entered into a written agreement by the terms of which the defendant employed the plaintiff for a period of one year at a salary of $65 a week, and the plaintiff agreed to perform his work in a good workmanlike manner to the entire satisfaction of the defendant. The defendant discharged the plaintiff on

December 1st, 1930, and the plaintiff brought this action alleging a breach by the defendant of his contract of employment.

The defendant assigns error in the charge and the failure of the court to charge, as to certain matters, and in the denial of the defendant's motion to set aside the verdict.

The complaint alleged that the plaintiff had satisfactorily carried out the terms of the contract up to the time of his discharge, and this allegation was denied in the answer. In a further pleading entitled "By way of defense," the defendant affirmatively alleged that the plaintiff had failed to perform his work in a good, workmanlike manner to the entire satisfaction of the defendant. The court charged the jury that the defendant had the burden of proof as to this affirmative allegation. The defendant contends that this was error since the burden was upon the plaintiff to prove performance of his work to the satisfaction of the defendant. The defendant is not in a position to complain of this portion of the charge of the court. "A defendant who voluntarily alleges a fact which could also have been proved under a simple denial, presumably does so with the idea of making his defense appear to be stronger and more aggressive, and invites the court to charge that he has assumed the affirmative upon that particular issue. He is therefore estopped by his own pleading from complaining that the court erred in so charging the jury." *Coogan* v. *Lynch,* 88 Conn. 114, 116, 89 Atl. 906. Furthermore, the defendant expressly requested the court to charge that the defense had set up that the plaintiff had agreed to do the work to the satisfaction of the defendant and that "if this defense is proven, it prevents a recovery by the plaintiff." The charge was unobjectionable, "not because the burden of proof is shifted,

but because the defendant cannot take inconsistent positions in dealing with the court." *Vycas* v. *St. George Guard Society*, 97 Conn. 509, 512, 117 Atl. 692.

The court charged the jury that it was the duty of the plaintiff to minimize his damages as far as he reasonably could, and that if he made reasonable efforts to secure other employment and failed, he would be entitled to the full amount of his wages up to the termination of his contract, but that if he failed to make such efforts or refused offers, this amount should be cut down by such sum as the evidence warranted. The defendant excepted to this portion of the charge, and also to the court's failure to charge that the record disclosed no evidence that the plaintiff attempted to find work other than in his own line of business, and that it was his duty to do so. Upon proof of defendant's breach of his contract of employment, the plaintiff was prima facie entitled to recover the amount of his salary for the balance of the year, and was not bound to offer evidence that he had sought other employment. The burden was upon the defendant to prove that the plaintiff could by proper diligence have found other employment, if such was claimed to be the fact. *Grant* v. *New Departure Mfg. Co.*, 85 Conn. 421, 426, 83 Atl. 212; *Pollak* v. *Danbury Mfg. Co.*, 103 Conn. 553, 559, 131 Atl. 426. This portion of the charge of the court was sufficiently favorable to the defendant. Since the plaintiff was not bound to offer evidence that he had sought other employment, whether in his own line of business or otherwise, until defendant offered evidence upon that point, the latter cannot complain of the court's failure to charge regarding it, particularly as he filed no request for such a charge. Moreover, it appears from the finding that the plaintiff did offer evidence that he had faithfully and diligently searched for work between the time of his discharge and the

expiration of his contract, and had been unable to secure any.

The court charged the jury that the defendant had testified that he was not satisfied with the work of the plaintiff, that if they found this dissatisfaction was honest, and not a mere cover to fraudulently get rid of the plaintiff, their verdict must be for the defendant; that the dissatisfaction of the defendant did not have to be reasonable, it was enough if it was honestly entertained, and if the dissatisfaction was an honest one it was a complete defense to the action. The defendant does not except to this portion of the charge and could not well do so since it was in substantial compliance with a number of his requests to charge. He does complain of the court's failure to give the jury legal definitions of honest dissatisfaction and reasonable dissatisfaction, and to charge as to the difference between them, and as to the application of the legal principles involved to the evidence in the case. The defendant could not have been harmed by the failure of the court to elaborate upon the legal principles involved and their application to the facts of the case. The defendant's contention was that he was the sole judge as to whether the plaintiff's work was satisfactory to him, and that his dissatisfaction with it, even though unreasonable, was a defense to the action, provided it was honestly entertained and not a mere pretext to effect an ulterior purpose. The charge adopted this limitation upon the plaintiff's right of recovery, and stated it clearly and concisely to the jury. The words used required no legal definition and their application to the situation presented by the conduct of the parties was obvious.

Under the court's charge, a verdict in favor of the plaintiff could be justified only if there was evidence from which the jury could reasonably find that the

defendant was not honestly dissatisfied with the work of the plaintiff, and that his expression of dissatisfaction was used as a pretext to get rid of him. The successive increases in the plaintiff's salary rather strongly indicate that his services were satisfactory to his employer up to the time of the execution of the written contract, which was July 25th, 1930, and that fact is not disputed. The plaintiff testified that when he appeared for work on the morning of December 1st, 1930, he was told by the defendant that his services were no longer required, that the defendant refused to give him any reason for his discharge, and had not at any time made any complaint as to the character of his work. There was evidence that, about a month after the discharge of the plaintiff, the expensive State Street store of the defendant was closed, and a place for its manager was made in the establishment where the plaintiff had worked, at a large saving to the defendant. The plaintiff also testified that after his discharge the defendant had expressed regret at his action, admitted that he was hot headed, and said that if the plaintiff had come back a day or two later the whole thing would have blown over and been forgotten, but that he could not then discharge the man he had employed. The defendant testified that on that occasion he had told the plaintiff that he had a store in Brooklyn and would consider giving him employment there. We cannot say that upon this testimony, and the inferences which could reasonably be drawn from it, the jury could not reasonably have concluded that the defendant was not in fact dissatisfied with the plaintiff's work, but discharged him for some other reason, or without reason.

There is no error.

In this opinion the other judges concurred.