CLYDE S. RIX, ADMINISTRATOR, (ESTATE OF JAMES B. HUNTLEY) *vs.* DEWEY DAVID STONE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 6th—decided December 13th, 1932.

*Joseph F. Berry,* with whom, on the brief, was *Julius G. Day, Jr.,* for the appellant (defendant).

*C. Hadlai Hull,* for the appellee (plaintiff).

BANKS, J. The plaintiff's decedent was killed by being struck by an automobile driven by the defendant as he was crossing the Boston Post Road in the town of East Lyme. There was little dispute as to the material facts, and the jury could reasonably have found as follows: The road at the point of the accident was of cement twenty feet wide and ran in a general northeasterly and southwesterly direction, but upon the trial in referring to the points of the compass was spoken of as running north and south. The defendant was driving north at a speed in excess of forty miles an hour. The weather was clear and the surface of the road dry, and at the speed at which he was traveling he could stop in a distance of one hundred feet. The road was straight for a distance of more than five hundred feet south of the point of collision, and there was nothing to obstruct the view in either direction. When defendant's car was upward of five hundred feet away he saw plaintiff's decedent, Huntley, and a young man named Koss standing on the east shoulder of the road. Koss crossed the road and Huntley stepped out upon the cement portion of the road and started to follow Koss across. Koss turned around and called to Huntley to go back, which he did. He then started again to cross and was struck by the defendant's car when he was within a foot or two of the center of the road. Huntley was a man of advanced years, was afflicted with poor eyesight and his hearing was somewhat impaired.

The defendant appeals from the denial of his motion to set aside the verdict and upon claimed errors in the charge. In passing upon the motion to set aside the verdict the court stated that the only theory upon which the jury could have rendered its verdict was the doctrine of supervening negligence, since the plaintiff's decedent was clearly negligent, but was of the

opinion that there was evidence in the case justifying the application of that doctrine, and accordingly denied the motion. The court submitted to the jury the issue of the plaintiff's right to recover upon the application of the doctrine of supervening negligence, and the defendant contends that the facts were not such as to make the doctrine applicable, and that the jury could not reasonably have found the defendant guilty of supervening negligence.

The application of the doctrine presupposes that the plaintiff's decedent has been guilty of negligence. That he was negligent in attempting to cross the road under the circumstances disclosed by the evidence cannot seriously be questioned. The vital question in the case is whether there is any evidence in the case, viewed in the light most favorable to the plaintiff, which would justify a finding that it was the defendant's negligence, and not that of plaintiff's decedent, which was the proximate cause of the accident. A careful reading and analysis of the evidence has satisfied us that it furnishes no basis for a reasonable conclusion to that effect. The plaintiff produced four witnesses who were present at the scene of the accident. Two of these testified that they were standing at a filling station on the east side of the road about one hundred and forty to one hundred and fifty feet south of the point where Huntley crossed. One of them had been putting gasoline in the car of the other who was just handing him a dollar bill in payment, when they both heard the "squeal" of brakes, and looked up and saw Huntley being thrown through the air. Neither of them testified that he saw either Huntley or the defendant's car immediately prior to the accident, nor did either of them give any testimony which directly threw any light upon the question as to the location of defendant's car upon the

highway when Huntley started to cross the street. The other two witnesses produced by the plaintiff, who were at the scene of the accident, were Morris Koss who, prior to the accident, was in the company of Huntley on the east side of the road, and his cousin L. Morris Koss who was standing in front of a filling station directly opposite on the west side of the road. Morris Koss testified that he was standing on the east side of the road talking with Huntley, that he walked across the road and after he had gotten across saw defendant's car coming and yelled to Huntley, who had not started to cross at the same time, to stay on the other side of the street. Upon his direct examination this witness testified that Huntley, who had then started to cross, kept on across the road and was struck when he was about a foot east of the center line of the road. Upon his cross-examination he testified that when he called to Huntley the latter turned back to the edge of the road and then started to cross again when defendant's car was about twenty-five feet away. In no part of his testimony did he place defendant's car at a greater distance than twenty-five feet at the time that Huntley came out from the edge of the road the second time and was struck. The other witness, L. Morris Koss, testified that when his cousin had got practically across the street he turned around and yelled to Huntley to stay back, that the latter turned and walked back off the road, and then started across and was struck. He testified that he could not say how many feet away defendant's car was when Huntley started to cross the second time, but that it was "very close," and when asked what he meant by that said: "Just a few feet away." The defendant testified that he saw the two men by the side of the road when he was three or four hundred feet away, and that Koss started to cross when he was about two hundred feet

away; that Huntley turned and looked toward him, took a few steps and came back toward the outer edge, and then, when he was twenty to twenty-five feet away, came directly toward him; that he jammed on his brakes and pulled to the left. His wife, who was in the car with him, testified substantially to the same effect. It was the undisputed testimony that Huntley was not struck by the front of defendant's car, and that the only injuries to the car were upon the right side, there being a slight dent in the right rear door and congealed blood on the handle of the door indicating that he walked into, or was struck by, the side of the car. A map of the scene of the accident showed brake marks, which plaintiff's witness who made it testified were located and measured the day after the accident, which commenced about thirty feet south of the point where Huntley was struck, and at a distance of 6.8 feet from the east side of the cement, and thence curved to the left and across off the road on the west side.

The burden of proving the necessary facts to establish the elements justifying the application of the doctrine of supervening negligence is upon the plaintiff, though the evidence of such facts may be in part that offered by the defendant. If it fails to afford a reasonable basis for finding each and all of these elements, the doctrine may not be applied. *Correnti* v. *Catino,* 115 Conn. 213, 216, 160 Atl. 892. An essential element of the proof required is that, after the injured party has come into a position of peril of which fact the injuring party has actual or imputed knowledge, the latter subsequently has the opportunity by the exercise of reasonable care to save the other from harm. There was no evidence in the case affording a reasonable basis for a finding that Huntley came into a position of peril such a length of time before the injury

as to give the defendant an opportunity to avoid the accident. The evidence of every witness who observed his conduct just prior to the accident agrees that when, from a place of safety, either upon the shoulder of the road or the edge of the concrete, he started a second time to cross the street, the defendant's car was not more than twenty-five or thirty feet away, or, as one of the plaintiff's witnesses said, "just a few feet away." From the edge of the concrete to the spot where he was struck was only a matter of three or four steps, and he must have come into collision with the side of defendant's car almost instantly after he came into a position of peril. None of the evidence, and no inference which could reasonably be drawn from it, furnishes any basis for a conclusion that the defendant, in the exercise of due care, could have avoided the injury to Huntley after the latter came into a position of peril. "When both the pedestrian and the driver of the automobile proceed in their course to the moment of collision and the former does not come into the position of peril from the automobile until substantially the instant he is hit, the doctrine [of supervening negligence] can have no place in the case." *Correnti* v. *Catino, supra,* p. 225.

The charge is to be tested by the finding and not by resort to the evidence itself. Whether, by that test, the court erred in submitting to the jury the question of the defendant's supervening negligence becomes unimportant since, with all the evidence before us, it is apparent that the verdict should have been set aside on the ground that the plaintiff had not sustained the burden of proving the elements essential to establish such negligence.

The defendant assigns error in the charge of the court that the defendant assumed the burden of proving that the plaintiff's decedent was guilty of contribu-

tory negligence. Section 598a of the General Statutes, Cum. Sup. 1931, provides that, in any action to recover damages for negligently causing death or personal injuries, if the person injured shall die prior to the trial of the action, the burden of proving his contributory negligence shall rest upon the defendant, thus changing the rule formerly obtaining in this State. The defendant contends that, since the accident out of which this case arose occurred May 25th, 1931, and the statute did not take effect until July 1st, 1931, the statute was not applicable to this case. Whether or not he is correct in this, the court did not err in charging that the burden was upon the defendant to prove the contributory negligence of the plaintiff's decedent, since in his second defense he affirmatively alleged that fact. "A defendant who voluntarily alleges a fact which could also have been proved under a simple denial, presumably does so with the idea of making his defense appear to be stronger and more aggressive, and invites the court to charge that he has assumed the affirmative upon that particular issue. He is therefore estopped by his own pleading from complaining that the court erred in so charging the jury." *Coogan* v. *Lynch*, 88 Conn. 114, 116, 89 Atl. 906.

None of the other assignments of error in the charge, and for failure to charge as requested, raise questions which would be likely to arise upon a retrial, and therefore do not require discussion.

There is error and a new trial is ordered.

In this opinion the other judges concurred.