ANNA M. S. DAVIS
vs.
## WILLIAM A. GLEESON

Court of Common Pleas    Fairfield County    File #37990

Present:   Hon. SAMUEL MELLITZ, Judge.

Curtiss, Brinckerhoff & Barrett, Attorneys for the Plaintiff.

Wall, Wall & Wall,                Attorneys for the Defendant.

## MEMORANDUM FILED NOVEMBER 2, 1937.

MELLITZ, J.   Paragraph 2 of the answer purports to set out a defense that the promise alleged in paragraph 3 of the complaint is within the statute of frauds.   It is very inartistic- ally drawn and reads like a demurrer.   What the pleader un- doubtedly means to say is that whatever promise was made by the defendant was not as alleged in the complaint but was a promise to answer for the debt of another and that such promise was not evidenced by a memorandum in writing suf- ficient to satisfy the statute of frauds.

The defense of the statute of frauds may be taken advan- tage of under a general denial **(Practice Book Sec. 104)** and it was unnecessary for the defendant to plead this defense specially.   However, this does not mean that a pleader may not plead specially a defense which he is entitled to assert under a general denial.

Ordinarily by affirmatively pleading a defense which may be taken advantage of under a simple denial, a pleader pre- sumably does so to make his defense appear to be stronger and thereby invites a ruling by the Court that he has assumed

the burden of proof as to that issue.

Krawitz vs. Ganzke, 114 Conn. 662, 664.

Coogan vs. Lynch, 88 Conn. 114, 116.

While it might have been more desirable had the defendant omitted paragraph 2 from the answer, or that the pleader's evident intent should have been more clearly phrased, it is sufficiently clear to indicate that it is simply an allegation that the defendant intends to rely on the statute of frauds as a defense.

The demurrer is overruled.