SEYMOUR PAGE, JR., ET AL., EXECUTORS (ESTATE OF
SEYMOUR PAGE) *v.* MURRAY BRODOFF

SUPERIOR. COURT NEW HAVEN COUNTY FILE No. 93929
AT NEW HAVEN

Memorandum filed January 4, 1961

*Wiggin & Dana,* of New Haven, for the plaintiffs.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for the defendant.

MACDONALD, J. Plaintiffs, executors of the will of Seymour Page, late of Guilford, deceased, allege in their complaint that decedent's death was caused by the negligence of the defendant, a surgeon, in that during the course of a surgical procedure known as an esophagoscopy, a tubular metal apparatus known as an esophagoscope stabbed the decedent in the interior part of his esophagus, causing severe lacerations and ultimately his death. Plaintiffs have demurred to the second defense set forth in defendant's answer, which reads in whole as follows: "While the esophagoscope was still in the body of Seymour Page, Seymour Page suddenly and unexpectedly moved his body forceably causing perforation of his esophagus." It is the plaintiff's position that this allegation is not sufficient to constitute any defense.

It is true, as claimed by plaintiffs, that defendant, under the general denials in his first defense, had

already covered the question of any negligence on his part with relation to plaintiffs' decedent's sudden movement during the operation. However, as pointed out in *Wilmot* v. *McPadden,* 78 Conn. 276, 281, facts which are admissible under a denial of the allegations of the complaint may nevertheless be properly pleaded as a "second defense" if they explain or qualify the denial and "thus serve to make the denials more fairly meet the substance of the allegations denied."

Defendant obviously did not intend his second defense to raise the question of contributory negligence. If he desires to plead, and thus assume the burden of proving, some intervening factor over which he claims to have had no control, he may do so, whether it happens to fall into the better known categories of contributory negligence or assumption of risk, which could not very well apply to an anesthetized patient, or act of God, or some novel physical factor of intervening causation not yet given a name.

Plaintiffs are not prejudiced by any shift in burden of proof, for "[a] defendant who voluntarily alleges a fact which could also have been proved under a simple denial, presumably does so with the idea of making his defense appear to be stronger and more aggressive, and invites the court to charge that he has assumed the affirmative upon that particular issue." *Coogan* v. *Lynch,* 88 Conn. 114, 116; see also *Vycas* v. *St. George Guard Society,* 97 Conn. 509, 512.

The demurrer to the second defense is overruled.