[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
Plaintiff, John Iaquinto, brings this action sounding in contract against defendant, Ern-Len Corporation, d/b/a Tri-Auto Sales. Plaintiff in his first count alleges, inter alia, that plaintiff purchased a used automobile from defendant and that defendant provided a limited warranty at the time of purchase. Plaintiff further alleges that within the warranty period, the car broke down, had to be towed and repaired.
Plaintiff further alleges that despite due demand for payment, defendant failed, refused or neglected to honor the terms and conditions of the warranty that were statutorily required by Connecticut General Statutes 42-221.
On July 2, 1990, defendant filed an answer and special defense. The defendant denied the material allegations in plaintiff's complaint. The special defense alleges, inter alia, that defendant provided a limited warranty which required plaintiff to seek repair in defendant's shop. Defendant further alleges plaintiff failed to seek repair under the terms of the warranty.
On July 12, 1990, plaintiff filed a motion to strike defendant's special defense claiming that the matters alleged in the special defense do not fall within Connecticut Practice Book 164 which covers the matter which must be specially pled. CT Page 1582
164.
The Answer — Denials; Special Defenses
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, not withstanding, that he has no cause of action, must be specially alleged.
The defendant's special defense puts in issue (1) whether plaintiff made due demand under the warranty and (2) whether the limitation of the statutory warranty by defendant is valid and permissible under Connecticut General Statutes 42-221. It appears to the court that these issues are raised by defendant's denial of plaintiff's allegations that due demand under the warranty was made, but that the rules of pleading do not prohibit defendant from affirmatively pleading the same, if he elects to do so.
Where a special defense is filed when a simple denial would suffice then the defendant generally assumes the burden of proof on that issue.
 A party may properly be assigned the burden of proving the facts that he affirmatively asserts to be true. Coogan v. Lynch, 88 Conn. 114, 116, 89 A. 906 (1914). A party who pleads a special defense "'presumably does so with the idea of making his defense appear to be stronger and more aggressive, and invites the court to charge that he has assumed the affirmative upon that particular issue. . . .' Coogan v. Lynch, [supra]." Rix v. Stone, 115 Conn. 658, 664, 163 A. 258
(1932).
Atlantic Richfield Company v. Canaan Oil Company et al.,202 Conn. 234, 237.
The motion to strike is denied.
WILLIAM L. HADDEN, Jr., Judge