[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs, Paul Zanoni and Rosalie Benny Zanoni, CT Page 2262 filed a three count pro se complaint on August 5, 1991 against the defendants, Paul Hudon, Ellen and Richard Harris, Patricia Cross and Leslie Rudnick, seeking compensatory and punitive damages as the result of a trespass on property formerly owned by Helen Benny at 21 Brightwater Road in Old Lyme, Connecticut. The first count of the complaint alleges a "trespass quare clausum fregit", the second count alleges a "trespass bona fides" and the third count is an action in entry and detainer. The plaintiffs filed an amended complaint alleging essentially the same causes of action on October 17, 1991. The plaintiffs allege the following facts in their amended complaint. The plaintiffs resided with Helen Benny at the property in question for many years prior to May 1, 1989. The defendant, Paul Hudon, was appointed conservator of the estate of Helen Benny on February 2, 1989. Rosalie Benny Zanoni was the devisee of the property at 21 Brightwater Road and, by virtue of Helen Benny's will, had a vested future interest in the property. The Zanonis had a contingent interest in the property which they acquired by providing maintenance and improvements to the premises. At a conference on February 6, 1989, Hudon was informed that the Zanonis were in possession of the premises and that the Zanonis would continue to provide maintenance and funds for the expenses associated with the premises. Hudon was informed on April, 1989 that water was accumulating under the cottage at 21 Brightwater Road, and that the Zanonis were engaged in correcting the problem. On April 27, 1989, Hudon entered the premises with the purpose of taking possession or arranging for an agent to take possession or arranging for an agent to take possession without the knowledge or permission of the Zanonis. On May 1, 1989, Hudon changed the locks on the doors to the premises and, from May 1, 1989 until September 25, 1989, held the premises in a manner which would have required the plaintiffs to do damage to the premises in order to regain possession, and retained personal property belonging to the Zanonis during the period of his occupation of the premises. Hudon knew that as conservator, he had no authority to deny possession of his ward's property to anyone in actual possession of the property by custom. On May 17, 1989, Hudon entered into a Sale and Purchase agreement with the defendants Richard and Ellen Harris. On June 2, 1989, Hudon entered into a Sale and Purchase Agreement with Rosalie Benny Zanoni, and received a deposit of $16,500.00. At the time he entered into the above agreements, Hudon knew that an attachment had been placed upon the property by the defendant Cross, but he made no effort to dissolve the attachment or obtain a release of the attachment. Hudon intended to convert the proceeds of the sale CT Page 2263 of the property to his own benefit, knew that his course of action would result in protracted litigation, and deliberately engaged in the foregoing activities to generate large fees for himself and his firm.
The amended complaint further alleges that Helen Benny died on August 7, 1989. After the death of Helen Benny, Hudon failed to turn over the keys to the premises to Rosalie Benny Zanoni, who acquired legal title to the premises upon Helen Benny's death. Hudon recklessly caused damage to the cottage by allowing water to accumulate under the cottage and by keeping it closed from May 1, 1989 to September 25, 1989, and by causing the locks to be changed and charging the estate with the cost of the alteration. The defendants Richard and Ellen Harris or their agent ordered the septic tank on the premises pumped out on June 14, 1989, even though they knew or should have known that they had no right to enter upon the property. The equipment necessary for pumping out the septic tank left ruts in the side lawn of the premises and damaged the landscaping. The defendants Cross and Rudnick aided, abetted and encouraged the trespass by authorizing and sending a letter dated March 22, 1989 to Hudon which Cross knew to be untrue and deceptive and by other acts.
The second count of the plaintiffs' amended complaint re-alleges paragraphs 1-46 of Count One and further alleges that Hudon entered and remained in possession of the premises from May 1, 1989 to September 25, 1989 knowing that he was not licensed or privileged to do so, that Hudon intended to sell the premises and convert a large portion of the proceeds to his own benefit by generating large fees in the inevitable litigation, and that Hudon caused damage consequential to pursuing his objectives in total disregard of the rights and interests of the owners and occupants.
The third count of the plaintiffs' amended complaint realleges paragraphs 1-46 of Count One and further alleges that an action in entry and detainer was commenced July 11, 1989, that on September 25, 1989, possession of the premises was restored to the Zanonis by the probate court, and that on October 20, 1989, the entry and detainer action was dismissed without finding as to entry and detainer on the basis that no further relief could be granted under Chapter 833.
Defendant Cross filed an answer and two special defenses on October 9, 1991. The first special defense alleges that "[t]he Plaintiff, Paul Zanoni, has no beneficial, possessory or title interest in any of the aforementioned real property, and is a stranger to all probate and civil actions brought under his name and, therefore, has no standing to bring or prosecute CT Page 2264 this action or any of its separate counts." The second special defense alleges that "[t]he Plaintiffs . . . bring this action and the other ten (10) actions now or formerly pending in the Superior Court as a means of retaliation, harassment, annoyance and for other wrongful motives and such use of the judicial system constitutes an abuse of process."
On November 12, 1991, the plaintiffs filed a motion to strike various paragraphs of Cross' answer and each of her two special defenses, accompanied by a memorandum in support of the motion. On November 20, 1991, Cross filed a memorandum in opposition to the plaintiffs' motion to strike.
A motion to stike is the appropriate vehicle for challenging the legal sufficiency of any answer or part of an answer, including special defenses. Practice Book 152(5); Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (1983). A motion to strike admits all facts well pleaded, Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989), but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion, Blancato v. Feldspar, 203 Conn. 34, 44, 522 A.2d 1235 (1987), and is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, supra, 146.
I. Procedure
At the onset, this court notes the plaintiffs' motion to strike contains a statement of facts not alleged in either the amended complaint or the defendant's answer or special defenses. To the extent that the plaintiffs' motion "speaks" to facts outside of the pleadings, it is improper, and the court cannot consider those facts in deciding the motion. See Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990); Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979).
Further, the plaintiffs are seeking to strike certain paragraphs of Cross' answer. An individual paragraph contained in a complaint is not the proper subject of a motion to strike unless it embodies and entire cause of action. Depray v. St. Francis Hospital, 2 CSCR 691 (June 9, 1987), Dorsey, J.); see Donovan v. Davis, 85 Conn. 394, 397, 82 A.2d 1025 (1912). A CT Page 2265 court may find that a motion to strike is likewise inappropriate to challenge only certain paragraphs of an answer unless they are in response to an entire cause of action (e.g., in response to an entire count of a complaint). Further, the court may deny a motion to strike on the ground that individual paragraphs of an answer are not the proper subject of a motion to strike unless they respond to an entire cause of action.
Finally, it is noted that, in their memorandum in support of their motion to strike, the plaintiffs fail to cite any legal authority whatsoever in support of the motion to strike the special defenses. In support of their motion to strike various paragraphs of the answer, the plaintiffs merely quote Practice Book 161 and the authors' comments following 160 of the annotated Practice Book. Practice Book 155 and 204 require that a motion to strike be accompanied by a memorandum of law citing the legal authority upon which the motion relies. The plaintiffs' memorandum, at least in regard to their motion to strike the special defenses, is "functionally equivalent to no memorandum at all." See Palmieri v. Greaux, 2 CSCR 889 (July 21, 1987, Schaller, J.). It is, therefore, clear that the plaintiffs' motion to strike Cross' special defenses may well be denied by this court for failure to comply with the requirements of the practice book.
The court, however, will deal with the merits of the plaintiffs' motion to strike various paragraphs of Cross' answer and each of the special defenses. On that basis, the motion is denied on its merits, as discussed below.
II Motion to Strike Answer
The plaintiffs argue that certain paragraphs of the amended complaint "incorporate documents Defendant Cross either initiated, caused to be published, affirmed to or contain testimony of Cross," so that Cross' "assertion of `no knowledge or information' is inappropriate to an allegation incorporating a written document." The plaintiffs further argue that "Defendant Cross occupied . . . [the premises which are the subject of this action] periodically for 40 years, prior to the trespass, by permission of her parents," so that Cross' "assertion of `no knowledge of information' as to the facts alleged in Paragraph 13 is an outrageous distortion of the truth and a deliberate attempt to confuse and prolong this litigation with attendant expenses and trouble to the Plaintiff [sic] and consumption of unnecessary court time."
The plaintiffs assert that they "should be entitled to know if the Defendant is controverting the validity of the written instrument, the truth of statements contained therein, CT Page 2266 and whether or not the Defendant has reason to believe the truth of the statements contained in the written instrument at any time in question." The plaintiffs claim that the defendant's answer of "insufficient knowledge" "leaves the Plaintiff [sic] in doubt as to what is being denied and therefore does not know what he [sic] is required to prove or what facts are controverted." The plaintiffs further claim that "Cross' answers to the referenced paragraphs are evasive and place an unnecessary burden upon the Plaintiff [sic] and the court and are therefore improper."
The defendant Cross argues that:
 The plaintiff's [sic] wide ranging allegations are sprinkled throughout the complaint with grains of truth, and heavy doses of half-truths and unfounded assumptions. Because of the Plaintiff's [sic] language and its implications in the complaint, this defendant cannot definitively admit or deny most of the plaintiff's [sic] allegations and therefore can only respond that she cannot "form a belief" concerning these allegations, and therefore the plaintiff [sic] will have to prove at trial those allegations in its amended complaint which are relevant to his [sic] cause of action.
The defendant maintains that such responses are, in legal effect, denials and that the burden is upon the plaintiffs to prove each and every element of their claims. The defendant further maintains that her answer of "leaving the plaintiff to his [sic] proof" is not evasive and does not place any additional burden on the plaintiffs beyond that which they already bear. The defendant claims that "[t]he plaintiff [sic] wants to argue the facts in his [sic] memorandum which should be left to trial."
As noted above, the plaintiffs' motion contains a statement of facts regarding Cross' periodic occupation of the premises which is not alleged in the complaint or in Cross' answer. The court must disregard these facts in deciding the motion.
Practice Book 160 provides, in part, that "[t]he defendant in his answer shall specially deny such allegations of the complaint as he intends to controvert, admitting the truth of the other allegations, unless he intends in good faith CT Page 2267 to controvert all the allegations, in which case he may deny them generally." Practice Book 161 provides, in part, that "[d]enials must fairly meet the substance of the allegations denied . . . and where any matter of fact is alleged with diverse circumstances, some of which are untruly state, it shall not be sufficient to deny it as alleged, but so much as is true and material should be stated or admitted, and the rest only be denied."
Allegations of the pleadings must apprise the opposing parties of the issues and claims to be made. Bank of Montreal v. Gallo, 3 Conn. App. 268, 276, 487 A.2d 1101 (1985), cert. denied 195 Conn. 803, 491 A.2d 1102 (1985), cert. denied195 Conn. 803, 491 A.2d 1103 (1985); Biller v. Harris, 147 Conn. 351,357, 161 A.2d 187 (1960).
 A defendant at times faces a dilemma. He is faced with an allegation of a fact which he cannot in good faith deny because of lack of knowledge and yet he is powerless to get the knowledge which might support a denial. This is true of allegations of conduct by the plaintiff or by third parties not under the defendant's control. . . . Such a pleading [of "no knowledge"] has the effect of a denial without requiring the defendant to make denials of allegations without a basis therefor.
1 Stephenson, Civil Procedure 126; see Postemski v. Watrous,151 Conn. 183, 185, 195 A.2d 425 (1963). "The pleading of no knowledge or information to . . . [the allegations of the complaint] is in legal effect a denial." Postemski, supra. In a civil action, the general burden of proof rests on the plaintiff, and when an answer denies several paragraphs of the complaint the burden of proving each separate, material issue of fact that is raised is thrown upon the plaintiff. Hally v. Hospital of St. Raphael, 162 Conn. 352, 358, 294 A.2d 305
(1972), citing Silva v. Hartford, 141 Conn. 126, 128104 A.2d 210 (1954).
The various paragraphs in the amended complaint cited by the plaintiff do not simply allege that the written documents exist, but rather incorporate the alleged facts contained in those documents and allege other facts regarding circumstances surrounding those documents and their execution. Cross has every right to deny the allegations of those paragraphs or in good faith state that she has insufficient knowledge regarding the allegations as they are pleaded by the plaintiffs. The CT Page 2268 fact that Cross has answered that she has insufficient knowledge as to certain allegations places no more burden upon the plaintiffs or the court than if she had denied the allegations of those paragraphs. A defendant has no duty to accept the statement of facts alleged by a plaintiff or to admit the allegations merely because the plaintiff has declared them to be true. The defendant in this case has no duty to provide, in her answer, responses to the plaintiffs' questions in their motion regarding "if . . . [Cross] is controverting the validity of the written instrument, the truth of statements contained therein, and whether or not . . . [Cross] has reason to believe the truth of the statements contained in the written instrument at any time in question." Such evidentiary information is properly elicited through the discovery process, not in an answer. Many of the paragraphs of the amended complaint cited by the plaintiffs contain allegations regarding the knowledge of certain occurrences allegedly possessed by the defendant Hudon, not Cross. Cross' answers of insufficient knowledge to such paragraphs are appropriate, in that she cannot be expected to have complete access to another defendant's thoughts or knowledge.
A motion to strike challenges the legal sufficiency of an answer. See Practice Book 152(5). A defendant has the right to plead his case as he desires, so long as he complies with the rules of the practice book. See Wilmont v. McPadden,78 Conn. 276, 281-82, 61 A. 1069 (1905). In the case at hand, Cross' answer complies with the rules of pleading set forth in the practice book and, as such, is legally sufficient. If the plaintiff is challenging the good faith of the defendant in denying or claiming insufficient knowledge as to certain allegations, the motion to strike is not the proper vehicle for asserting such a claim.
For all of the foregoing reasons, the plaintiffs' motion to strike various paragraphs of Cross' answer is denied.
Special Defenses
The plaintiffs argue that Cross' first special defense is improper because, if Cross "wish[es] to challenge P[aul] Zanoni's possessory interest, it is properly done in an action for eviction." The plaintiffs further argue that this is really a claim of misjoinder and that the exclusive remedy for misjoinder is by motion to strike. The plaintiffs claim that "Cross' first special defense is improper, unnecessary and attempts to introduce argumentative matters which are not germane to the issues in this action." The plaintiffs claim that Cross' second special defense is improper because it "attempts to defame the Plaintiffs by introducing inflammatory CT Page 2269 matter into the pleadings." The plaintiffs further assert that "[t]he alleged motives, if true, would be grounds for action, however, they cannot be construed as a defense in this action." As stated above, the plaintiffs have cited no legal authority for their assertions.
The defendant Cross argues that the first special defense is directed at the basic claim of trespass and the plaintiff Paul Zanoni's right to maintain such an action. The defendant claims that the second special defense goes to the plaintiffs' purpose and intention in bringing this action, which will be a matter for the defendant to prove at trial.
If the defendant affirmatively pleads a matter which could be raised under a denial, he will be deemed to have assumed the burden of proof. 1 Stephenson; Civil Procedure 127(e). "In general, the court will follow the theory of the pleadings adopted by the parties and will place the burden of proof on any mater on the party who pleads it, regardless of where the law might have cast it." Id., see Albert Mendel Son, Inc. v. Krogh, 4 Conn. App. 117, 124, 492 A.2d 536 (1985).
 A party may properly be assigned the burden of proving the facts that he affirmatively asserts to be true. Coogan v. Lynch, 88 Conn. 114, 116, 89 A. 906 (1914). A party who pleads a special defense "`presumably does so with the idea of making his defense appear to be stronger and more aggressive, and invites the court to charge that he has assumed the affirmative upon that particular issue. . . .' Coogan v. Lynch, [supra]." Rix v. Stone, 115 Conn. 658, 664, 163 A. 258 (1932).
Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 237,520 A.2d 1008 (1987).
In this case, by pleading the two special defenses, Cross has assumed the burden of proving the allegations contained in those special defenses. Cross has assumed the burden of proving that the plaintiff Paul Zanoni had no interest in the property, and thus has no standing to assert a trespass claim. The defendant has further assumed the burden of proving that this action is one of a series of lawsuits brought by the plaintiffs to retaliate, harass or annoy Cross such that it constitutes an abuse of process. The motion to strike each of the special defenses, on the grounds asserted by the plaintiffs, must be denied. The proper procedure for the plaintiffs to follow to contest the merits of the allegations of the special defenses, as they appear to be CT Page 2270 seeking to accomplish by way of a motion to strike, is rather to file a reply to the special defenses pursuant to Practice Book 171 so the merits of the case can be resolved at trial.
CONCLUSION
For all the foregoing reasons, the plaintiffs' motion to strike is denied in its entirety.
SCHALLER, JUDGE