[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Scan Associates, Inc., has moved to strike the three special defenses filed by the defendant, Civitello Building Co., Inc., on the ground that the assertions made therein are not properly plead as special defenses.
This case involves a claim that the defendant failed to pay the plaintiff in full for overhead doors it installed in a construction project pursuant to a contract with the defendant. The plaintiff also seeks recovery in quantum meruit.
The three challenged special defenses are as follows:
"First Special Defense
The plaintiff's complaint does not state a cause of action upon which relief can be granted."
"Second Special Defense CT Page 734
The plaintiff failed to fulfill the contract as required."
"Third Special Defense
Quantum merit [sic] cannot be pursued when there is an express contract."
In addition to its special defenses, the defendant has filed a counterclaim alleging that the plaintiff failed to comply with the terms of the contract on which it relies and that the defendant was damaged as a result of plaintiff's breach.
The plaintiff claims that the defendant herein has used the title "special defense" to cover several functions not within the ambit of such a pleading. Pursuant to 164 P.B., the function of a special defense is to set forth those facts which show that the plaintiff is without a cause of action for reason other than the claimed inaccuracy of the facts asserted in the complaint. Section 164 P.B. provides in pertinent part as follows:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action must be specially alleged.
A defendant's right to plead his case as he desires is limited by the requirement that he plead in compliance with the rules of practice. Wilmot v. McPadden, 78 Conn. 276 (1905).
The first special defense does not state facts that show that the plaintiff has no cause of action, indeed, the first purported special defense contains no facts at all but only the legal claim that the complaint fails to state a cause of action. Section 152 P.B. provides in relevant part that "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." [emphasis supplied]. The use of the initial word "whenever" would appear to suggest that a motion to strike the complaint is the sole means by which its legal insufficiency may be contested; however, CT Page 735 the Connecticut Supreme Court has ruled that where a plaintiff has failed to allege a cognizable cause of action, ". . . it is not the burden of the defendant to attempt to correct the deficiency, either by motion [motion to strike] or otherwise" Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 535 n. 5 (1988), citing Starnezer v. Sage-Allen Co., 146 Conn. 460, 461 (1959). Rather, according to the Court in Robert S. Weiss v. Weiderlight, id., ". . . failure by the defendants to [move to strike] any portion of the . . . complaint does not prevent them from claiming that the [plaintiff] has no cause of action. . ." The only method by which a defendant can put a plaintiff on notice of such a claim when no motion to strike is filed is by asserting the claim as a special defense, as the defendant has done. The motion to strike the first special defense is, accordingly denied.
The second special defense could, of course, have been plead by a denial of that portion of the complaint in which the plaintiff alleges that it "performed its obligation in accordance with said contract." (First Count, paragraph 3.) By alleging as a special defense an issue that it could have met with a denial, the defendants assumes the burden of proof on the issue, see, e.g., Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 237
(1987); Coogan v. Lynch, 88 Conn. 114 (1914). It is the defendant's option to make this election to assume a greater burden than is necessary for perceived tactical advantage. Atlantic Richfield Co. v. Canaan Oil Co., supra, at 237; Rix v. Stone,115 Conn. 658, 664 (1932).
The motion to strike the second special defense is denied.
The third special defense alleges, in effect, the inability of the plaintiff to prevail on count two, its claim in quantum meruit, if it prevails on count one, its claim of breach of contract. In effect, the defendant pleads in this special defense that no can be had under count two if count one is proven. This circumstance is closely analogous to that presented by the first special defense: preserving and putting the plaintiff on notice as to the defendant's legal claim without pursuing a motion to strike the count in the complaint. Such a motion would be futile because of the contingent viability of the quantum meruit claim if the contract claim fails at trial.
The motion to strike the third special defense is denied.
CONCLUSION CT Page 736
The motion to strike is denied as to all three of the special defenses asserted by the defendant.
Beverly J. Hodgson, Judge