[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The plaintiff has filed an action to recover amounts allegedly due it pursuant to a management agreement between it and the defendant bank.
The plaintiff has filed a motion to strike against three special defenses.
The first two special defenses according to the plaintiff are better raised by a denial, in fact as to the first special defense the plaintiff argues the defendant has already denied an allegation raised in the complaint which is the subject of the special defense.
Merely because a denial would be sufficient and a special defense is not necessary does not mean the special defense is not CT Page 2490 legally sufficient which is the standard for granting a motion to strike. The law concerning whether or not a special defense is necessary as opposed to merely making a denial usually revolves around the question of whether a certain defense must be raised by special defense. That is if a matter must be presented by special defense and it is not so raised, no evidence can be raised on the issue, DuBose v. Carabetta, 161 Conn. 254 (1971).
Also if a special defense is filed where a denial would suffice then the defendant assumes the burden of proving that issue, Coogan v. Lynch, 88 Conn. 114, 116 (1914).
But as noted none of this has anything to do with whether the special defense whether or not required to be so pleaded is legally sufficient. I suppose if filing it where you don't have to forces you to assume the burden of proof there is an underlying recognition that the special defense is legally sufficient for joining issue in the case on the claim raised.
Public Book § 164 in effect says no facts may be proved under a denial except those showing the plaintiff's statements are untrue. Facts which are consistent with those statements but show not withstanding the plaintiff has no cause of action must be specially alleged. Nothing in the rule says facts that may be proved under a denial must not be raised by a special defense.
All Practice Book § 160 says is that the defendant "in his answer shall specially deny such allegations of the complaint as he intends to controvert. . . ." It doesn't say that if a denial is also made by special defense such a procedure is improper although it may work to the pleader's disadvantage
I suppose if there is a denial and also a special defense in effect making the same denial a request to revise could be filed under Practice Book § 147(2) claiming duplicitous pleading but here that was not done so I will deny the motion to strike the first two special defenses.
In the fourth special defense the defendant seeks to raise a defense of the statute of frauds The plaintiff argues that the bank has admitted the existence of a written agreement in paragraph 3 of its answer. Moreover the plaintiff alleges the defendant bank in paragraph 4 admits there was performance under the agreement. In the complaint the plaintiff alleges in its paragraph 4 that under the terms of the agreement the plaintiff managed the property CT Page 2491 and collected rentals. The answer denies the allegations "except to admit the plaintiff for a certain period of time managed the property . . . and collected certain rentals thereon", also see paragraph 7 of the answer. It is true that even if there is no written agreement where the statute of frauds demands one that performance is removed from the scope of the statute of frauds, Leev. Jenkins Bros., 156 F. Sup. 858 (D. Conn., 1957), MontanaroBros. Builders Inc. v. Snow, 190 Conn. 481 (1983)
However, the defendant seems to be claiming that for the period of time that the activity upon which the plaintiff bases its suit occurred no written agreement was enforced. It makes the further claim that under the mandatory language of § 20-325a the exception to the statute of frauds created by actual performance does not operate Section 20-325a specifically requires that for there to be payment of a commission relating to real estate there must be a written agreement, and this statute has been strictly construed and enforced" Currie v. Marano, 13 Conn. App. 527, 531
(1988), New England Investment Properties Inc. v. Spire Realty Dev. Corp., 31 Conn. App. 682, 685 (1993)
The plaintiff doesn't deal with this legal issue in her motion and giving the defendant's pleadings their most favorable reading, I will also deny the motion to strike the fourth special defense.
Thomas Corradino, Judge