## GEORGE DISTIN *vs.* ANNA M. BRADLEY.

Third Judicial District, New Haven, June Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A plea in abatement is not an appropriate method to secure the erasure of one or more assignments of error in an appeal regularly taken.

In an action to recover damages for assault and battery, the plaintiff's counsel, during his argument to the jury, remarked that the defendant "like any other millionaire" would stretch the truth in her own defense. Upon objection, the trial court stated that this characterization went outside of the evidence, whereupon the remark was practically withdrawn, with an apology from the attorney who made it. *Held* that while the remark was obviously improper, yet under these circumstances the trial court committed no error in allowing the case to proceed without further reference to the occurrence, and in refusing to set aside the verdict and grant a new trial on account of the impropriety.

Having properly instructed the jury that in awarding exemplary or punitive damages they "might" include the plaintiff's expenses of litigation less his taxable costs, the trial court a moment later, in again alluding to the subject, said to them that they "should" include such expenses, "as I have just stated." *Held* that the use of this expression was not a sufficient reason for granting the defendant a new trial.

After denying the allegations of the complaint except as thereinafter admitted, the answer averred that the plaintiff attempted to strike the defendant's husband, and that the defendant, in order to protect him, struck the plaintiff, using no more force than was necessary for that purpose; and the reply denied these affirmative averments of the answer. *Held* that in view of these pleadings and the way in which the parties had presented their evidence and tried the case, the defendant could not complain because the jury were instructed that she assumed the burden of proving the use of only such force as was necessary to repel the plaintiff's attack; especially as the jury were also told that the plaintiff must prove by a preponderance of evidence the material allegations of his complaint which the defendant had not admitted.

Argued June 9th—decided July 12th, 1910.

ACTION to recover damages for assault and battery, brought to the Court of Common Pleas in New Haven

County and tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $275, and appeal by the defendant. *No error.*

*Edward A. Harriman,* for the appellant (defendant).

*Robert J. Woodruff* and *William B. Arvine,* for the appellee (plaintiff).

HALL, C. J.  The complaint alleges that on November 16th, 1909, the defendant maliciously and wantonly assaulted the plaintiff, and beat him with a horsewhip, and that the plaintiff was thereby cut and bruised, and suffered great bodily pain and great pain and anguish of mind.

The answer denied the assault alleged, except as it was admitted by the following averment: "On the day therein mentioned, the plaintiff attempted to strike the defendant's husband, Walter H. Bradley, and the defendant thereupon, in order to protect her husband from violence, struck the plaintiff, using no more force than was necessary to use to defend her husband from the attack of the plaintiff."

The plaintiff's reply denies the averments of the answer.

Upon the trial to the jury the plaintiff claimed to have proved these facts: At the time of the assault described below, the plaintiff was employed by one Lee, proprietor of the Fairlea Farm, in the town of Orange, as the driver of a milk-wagon.  The defendant is the wife of Walter H. Bradley, and resides in the town of Milford.  On November 16th, 1909, the defendant, accompanied by her husband and daughter, and a chauffeur, rode in an automobile to Fairlea Farm, and asked Mr. Pomeroy, the manager of the farm, if Mr. Lee was at home, and on being informed that he was

not, asked to see the plaintiff, and, on meeting him, told him that Mr. Bradley wished to speak to him. The plaintiff stepped to the side of the automobile, in the front seat of which Mr. Bradley was sitting, and Mr. Bradley said to the plaintiff: "Now, you are positive I did not pay you that money?" (referring to some money claimed to have been paid by him to plaintiff for a milk bill). The plaintiff replied, "Yes." Mr. Bradley then said: "Then I am a liar, am I?" and raised a cane and struck at the plaintiff, who jumped back, throwing up his arm in order to avoid the blow. While the plaintiff was thus engaged in conversation with Mr. Bradley, the defendant stepped to the tonneau of the automobile and took out a long-lashed horsewhip, and, as the plaintiff jumped back from the automobile to avoid a blow from Bradley's cane, commenced to lash the plaintiff over the head and shoulders with the horsewhip, holding the whip in both hands and striking hard. After several blows had been struck, Mr. Pomeroy jumped between the plaintiff and defendant and said: "Lady, you are going too far." The defendant replied: "No, I am not, the rascal," and stepping to one side of Pomeroy struck the plaintiff again. Pomeroy again stepped between the plaintiff and the defendant, and the defendant again stepped to one side and struck the plaintiff, at the same time saying to the plaintiff, "You dirty rascal." The plaintiff in the meantime walked backward toward the barn and away from the defendant. The defendant pursued the plaintiff with said horsewhip until after the plaintiff had got into the barn, and after the plaintiff was inside of the barn the defendant struck at him with the whip several times, one blow going in through the door and striking the plaintiff over the head. In addition to the language above referred to, the defendant called the plaintiff a scoundrel, and said to him: "If my husband was not

an invalid he would have gotten out of the buggy last Sunday and wiped the ground with you." The defendant then stepped into the automobile and was driven away. The defendant just before going to Fairlea Farm was in New Haven; she knew that the owner of the farm had an office in New Haven, and knew where the office was, and, immediately after leaving Fairlea Farm as above referred to, she was driven to New Haven in the automobile to the office of Mr. Lee, and there informed Mr. Lee that she had been out to his farm and horse-whipped his milk-boy.

The assault and battery committed upon the plaintiff was premeditated and was wanton and malicious, and thereby the side of plaintiff's head was cut and bruised and he suffered great pain and humiliation. He sustained no permanent injury, and required no medical attendance.

The defendant claimed to have proved these facts: The defendant resides with her husband at Woodmont, in the town of Orange. They purchased milk from the Fairlea Farm, and the plaintiff delivered the milk to them. Some time previous to November 16th, 1909, her husband and the plaintiff had had a dispute about the payment of the milk bill, which defendant's husband claimed to have paid the plaintiff, and on the day in question, she, in company with her husband and daughter, and chauffeur, went to the Fairlea Farm for the purpose of seeing Mr. Lee about the disputed bill, and also for the purpose of returning some milk bottles. When they arrived there she was informed that Mr. Lee was not there, whereupon she asked for the boy who delivered the milk, and when the boy, who is the plaintiff, was called out, she told him Mr. Bradley wished to speak with him. The plaintiff stepped up to the side of the automobile, and when Mr. Bradley spoke to him about the milk bill, stating that he had paid it

to him, the plaintiff called Mr. Bradley a liar and struck at him. Mr. Bradley, defendant's husband, was an invalid and unable to get out of the automobile readily, and in order to protect her husband from the attack and violence of the plaintiff, she struck the plaintiff, using no more force than was necessary to use to defend her husband from the attack of the plaintiff.

There was no request to charge.

The jury having returned a verdict for the plaintiff for $275, the defendant moved that it be set aside as against the evidence; as awarding excessive damages; and because of improper remarks of counsel for plaintiff in the argument of the case. Said motion was denied on the 4th of March, 1910, and no appeal was taken from such denial, under § 805 of the General Statutes, except that the defendant's fifth reason of appeal, filed May 3d, 1910, is that the court erred in overruling the defendant's motion for a new trial on account of the improper nature of the argument of the plaintiff's counsel.

The remarks referred to as improper were a reference by plaintiff's counsel to the defendant as being a member of fashionable society and connected with the "four hundred," and as having forgotten her position in society when she stooped to horsewhip a milk-boy; and also this statement by counsel for plaintiff in his closing argument: "In their own defense and to protect themselves, these Bradleys would stretch the truth like any other millionaire." Counsel for defendant objected to this language, and the court stated that it was outside of the evidence. Counsel for plaintiff thereupon apologized to the court and jury, and said that he trusted no attention would be paid to the remark. The court made no further reference to the matter.

In this court the plaintiff pleaded in abatement to the

defendant's fifth reason of appeal, which alleged error in overruling the defendant's motion for a new trial because of the objectionable remarks of counsel, upon the ground that an appeal from the denial of the motion was not taken within ten days from March 4th, 1910, the date of its denial, nor until May 3d, 1910.

The remaining reasons of appeal, briefly stated, are that the court erred: (1) In charging the jury that the burden rested upon the defendant to prove that the assault upon the plaintiff was justified, and that no unnecessary force was used.  (2) In charging the jury that if they should find that the attack upon the defendant was wanton and malicious, they *should* add to whatever sum they found the plaintiff was entitled to as compensation, a further sum for the payment of a reasonable fee to his attorney, and the payment of other expenses of the trial, less the taxable costs.  (3) In not charging the jury, in view of the objectionable remarks of plaintiff's attorney during his argument, that there was no evidence that the defendant was a millionaire, and that they had no right to consider the wealth of the defendant in the assessment of damages.

The plaintiff's plea in abatement is insufficient.  A plea in abatement is not a proper method to secure the elimination of a mere assignment of error in a regular appeal.  This is not a case where the appellant sought to unite an appeal from a denial of a motion to set aside a verdict, taken under § 805 of the General Statutes, with an appeal from the judgment of the court taken under § 788.  Here there was no appeal taken, nor apparently attempted to be taken, from the denial of the motion to set aside the verdict.

The remarks of counsel for plaintiff during his closing argument do not, under the circumstances, furnish sufficient ground for granting a new trial.  They were entirely improper and out of order, but after the apology

by plaintiff's counsel, and the practical withdrawal of the objectionable statements, the trial court committed no error in permitting the trial to proceed without further reference to them, and properly refused to set aside the verdict and grant a new trial on account of these remarks.

The court properly limited the amount of punitive damages to the amount of the plaintiff's expenses less taxable costs. *Maisenbacker* v. *Society Concordia*, 71 Conn. 369, 378, 42 Atl. 67. At the close of the sentence in which the court said that in case the jury found that the plaintiff was entitled to exemplary damages they *should* add a further sum for the plaintiff's expenses less the taxable costs, the court expressly referred to what it had before said upon that subject, adding, "as I have just stated." Immediately before saying to the jury "you *should* add" such sum as exemplary damages, the court twice said to the jury, "you may add" such sum. The language of the court concerning exemplary damages, complained of, was not such as to entitle the defendant to a new trial.

A new trial will not be granted because the trial court charged the jury that the burden rested upon the defendant of proving that the assault was committed in protecting the defendant's husband, and without using unnecessary force. The court charged the jury upon this subject in accordance with the issues framed by the pleadings, and in accordance with the manner in which the parties had evidently presented their evidence and tried the case. The answer denied all the allegations of the complaint excepting those which were admitted by the answer. It then expressly averred that the plaintiff attempted to strike her husband, and that in order to protect him she struck the plaintiff, using no more force than was necessary to defend her husband. These affirmative averments of the answer

the plaintiff denied in his reply. The finding indicates that upon the trial the plaintiff proceeded to prove the assault as he claimed it was actually committed, and the extent of his injuries, and it shows that the defendant *offered evidence to prove, and claimed to have proved,* that she struck the plaintiff in order to protect her husband, and that in doing so *she used no more force than was necessary to protect him.* Without intending to intimate that the defendant is correct in his said claim regarding the burden of proof, it is sufficient for us to say that, considering the pleadings and the manner in which the case was tried, the court was justified in saying to the jury that the defendant assumed the burden of proving that she used only such force as was necessary to repel the plaintiff's attack. In addition to its instruction respecting the defendant's burden of proving that the assault was in protection of her husband and without the use of unnecessary force, the court in substance charged the jury that the burden rested upon the plaintiff to establish by a preponderance of evidence those material allegations of the complaint which the defendant had not admitted. Having thus pleaded and tried the case, the defendant, in the absence of any request to charge, will not be heard to complain of the charge as given upon this subject.

We may add in this case that, although we have not the evidence before us, yet from the finding showing the claimed facts and certain unquestioned facts, and from the charge of the court, it is difficult to imagine how any intelligent jury, irrespective of the question of the burden of proof, could reach any other conclusion than that evidently reached by this jury, namely, that the story of the defendant that, having ridden to this farm in an automobile, and having a horsewhip with her, she alighted from the automobile and horse- whipped this boy, as he is called, for the purpose of

protecting her husband, using with such horsewhip only such force as was necessary for that purpose, is altogether incredible.

There is no error.

In this opinion the other judges concurred.