## Doris Hackenson *v.* The City of Waterbury.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued October 6th—decided November 1st, 1938.

*William K. Lawlor,* for the appellant (plaintiff).

*Timothy S. Sullivan,* with whom was *Edward J. McDonald,* for the appellee (defendant).

Brown, J. It is undisputed that upon the evidence the jury could properly have found that the plaintiff, while walking southerly across North Main Street in Waterbury from the northwesterly corner of its intersection with Bishop Street to the southerly side of North Main Street, in the exercise of due care, stepped into a hole or depression in the pavement located somewhere between the double trolley tracks near the center of the street, which caused her to fall, resulting in the injuries complained of. The question determinative of this appeal is whether the evidence warranted the finding of the further fact, essential to a verdict against the defendant, that this hole or depression was not located within eight inches of a trolley rail, the defendant not being liable for a defect within this area by virtue of §§ 3752 and 3755 of the General Statutes.

By her amended complaint the plaintiff alleged that there "existed . . . at said place a defective and dangerous condition, in that said crosswalk bulged and a deep depression exists just north of the trolley tracks on the north rail of the northbound traffic." This rail is the third one from the north side of the street and we refer to it herein as the third rail. The plaintiff further alleged that as she walked southerly she "put her left toe and the sole of her foot into said depression and was thrown." In support of these allegations, the plaintiff on direct examination stated that she fell between the second and third rails, and testified: "I struck a bulge in the pavement, and I went up and then to the right—yes—struck the hole, and put my foot in the hole and it threw me to the pavement. . . .

Well, the hole I stepped into was about two and a half . . . inches deep—quite round—that is, in circumference—and right near it is the rail that was raised up a little bit" (referring to the third rail). Her further testimony on cross-examination was: "Q. You say you fell on a raised part of the pavement; is that it? A. No, I stepped into a hole. Q. In a hole? A. I certainly did. Q. And is that near the track? A. It certainly was. Q. Was it right on the track? A. No. Q. How close to the track was it? . . . A. Well, I should say two and one-half inches. Q. From the rail? A. Yes. Q. . . . Your foot went into that hole, two and one-half inches from the rail, and you fell? A. Yes." This testimony, aside from that offered through the plaintiff after the defendant had rested its case, which is hereinafter referred to, was the only direct evidence as to where the hole in question was located.

The plaintiff contends, however, that notwithstanding this testimony the jury could properly have inferred that the hole was more than eight inches north of the third rail, from the plaintiff's further testimony that she "fell forward" and that her right hip landed on the third rail. While her testimony is clear that she fell forward as distinguished from backward, since she stated her stomach and chest struck the pavement, it is not sufficiently unequivocal that she fell forward in the sense of at right angles to the third rail, to support a reasonable inference in direct conflict with her positive and reiterated testimony above quoted that the hole was within two and one-half inches of the rail. The plaintiff further contends that the testimony of her employer in pointing out a spot about midway between the third rail and the one next north of it as the place where she says she fell, was sufficient to support a finding by the jury that the hole was

located at that point and so more than eight inches from the third rail. This evidence is not only subject to the infirmity implicit in all hearsay testimony, but if interpreted as claimed by the plaintiff, was further categorically contradictory of her testimony under oath above recited, both as to the location of the hole with relation to the rail and also with relation to the easterly line of the crosswalk. In view of this, and of the further fact that all of the credible evidence in the case makes clear that at the point referred to by this witness the surface of the street was smooth and free from any defect of any nature, the jury could not reasonably have found that the hole in question was located at that point.

The plaintiff's final contention is predicated upon what she claims to be evidence in the record disclosed by the transcript of what occurred when she was recalled to the stand after the defendant had rested its case. In the absence of a finding, the plaintiff's claim can only be tested by what is revealed by this transcript, made a part of the record by order of this court in response to the plaintiff's motion. This shows that the plaintiff's counsel, after the defendant had closed its case, recalled the plaintiff and the following transpired: "Q. And where your foot went into the hole, measuring from the toe of your foot to the center of the north rail of the north bound traffic [the third rail], can you tell how far that was? A. Twenty-eight inches. Mr. Sullivan: I object to that if Your Honor pleases." The court sustained the objection to the question, ruling that it was not proper rebuttal, and denying the plaintiff's request to reopen the plaintiff's case to permit the inquiry. An exception to this ruling was duly granted to the plaintiff. Her claim now is that in the absence of a motion to strike it out, her answer having been given before the defendant's

objection was made to the question, it remains in the record and constitutes evidence that the hole was more than eight inches from the rail, which is sufficient to warrant the verdict.

The generally accepted rule as to when objection to a question must be interposed has been stated to be: "For evidence contained in a specific question, the objection must ordinarily be made as soon as the question is stated, and before the answer is given; unless the inadmissibility was due, not to the subject of the question, but to some feature of the answer." 1 Wigmore, Evidence (2d Ed.) 175, § 18, a, (1). This rule, however, is to be reasonably applied. Thus in an opinion quoted by Wigmore in this connection, the court, in referring to a rule of court of similar import, said: "It must have a reasonable interpretation. The object is to prevent a party from knowingly withholding his objection, until he discovers the effect of the testimony, and then if it turns out to be unfavorable to interpose his objection." *Marsh* v. *Hand*, 35 Md. 123, 127. The record here discloses no violation of the rule as so interpreted. The obvious purpose of the plaintiff's counsel in recalling her and in asking this question was to save her case by getting before the jury some evidence to afford a basis for finding that the defect was more than eight inches away from the rail. Under such circumstances the only reasonable inference from the transcript is, that the plaintiff must have been fully aware of the significance to her case of this answer, and that in her anxiety to get the benefit thereof, gave it before counsel for the defendant had the opportunity to object. As the evidence stood, it is clear that the defendant's counsel was not, as in *D'Andrea* v. *Rende*, 123 Conn. 377, 383, 195 Atl. 741, "gambling on the answer" by his delay, if any, in interposing his objection.

There is authority that where the court in sustaining an objection to the question has not directed the jury not to consider the reply given, a motion to strike it out is essential to its proper elimination. 26 R. C. L. 1047, § 55; *Sorenson* v. *Smith,* 65 Ore. 78, 129 Pac. 757; *Wightman* v. *Campbell,* 217 N. Y. 479, 112 N. E. 184; *Dawley* v. *Congdon,* 42 R. I. 64, 105 Atl. 393, 395. We adopt, however, a rule upon the situation before us which is less technical, yet sufficient for the ample protection of the parties' rights. "If the question is put and the answer given in such rapid succession that the party objecting has not fair opportunity to state his objection, it is the duty of the court to entertain the objection when thereafter promptly made." *Adler & Co.* v. *Pruitt,* 169 Ala. 213, 229, 53 So. 315, 320. This the court did here, and so far as appears it was within its discretion to sustain the objection to the question as not proper rebuttal. We are not here concerned with a situation presenting the question whether the jury might have failed to understand the effect of the ruling and so something more than the mere sustaining of the objection would be necessary in order to protect the rights of the parties. The only basis upon which the plaintiff can claim error in the ruling of the trial court in setting aside the verdict is that the jury could, in the absence of a motion to strike out, properly consider the testimony. That is not the law in this jurisdiction. The plaintiff has failed to protect any rights she had by an appeal from the ruling made. Under these circumstances, even in the absence of a motion to strike out the answer, no testimony indicating the hole was not within eight inches from the rail is available in support of the jury's verdict.

There is no error.

In this opinion the other judges concurred.