MICHALINA KOWALEWSKI *v.* MUTUAL LOAN COMPANY,
INC.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 13, 1969—decided January 15, 1970

*William F. Gallagher,* with whom, on the brief,
were *Cyril Cole* and *Benjamin S. Birnbaum,* for the
appellant (plaintiff).

*Joseph T. Sweeney,* with whom, on the brief, was
*Robert L. Halloran,* for the appellee (defendant).

ALCORN, J. The plaintiff was a tenant of the defendant. She brought this action seeking to recover damages for injuries allegedly sustained when she slipped on ice and fell in the rear yard of the defendant's property. The defendant denied the many allegations of nuisance and negligence and pleaded the contributory negligence of the plaintiff. The jury returned a general verdict in favor of the defendant. The plaintiff has appealed from the judgment rendered on the verdict, assigning, as error, five rulings on evidence. Three of the rulings are improperly commingled in a single paragraph of the finding. Practice Book § 648. The defendant, in turn, has assigned error in three paragraphs of the finding; Practice Book § 623; but no correction in the finding is required.

The plaintiff had occupied an apartment in the house since March, 1958, and was familiar with the area. She claimed to have proved that her fall occurred about 2 o'clock in the afternoon of January 1, 1962, when, walking slowly and watchfully, she left her first-floor apartment intending to empty a pail of garbage into a barrel which stood at the far edge of the rear yard. The house was three stories high with roofed rear porches. A concrete walk led from the first-floor porch part way toward the refuse barrels. There was a depression in the ground at the end of the walk where water collected and froze. The porch roof sloped toward the rear yard, and, since there was no gutter at its edge, water dripped from it and flowed to the depression when it rained or when snow on the roof melted. On the day of the plaintiff's fall and for five days before that, there had been three or four inches of snow on the ground. There had been a thaw five days before the day of the fall, but thereafter the tem-

perature had been below the freezing point. The plaintiff walked along the concrete walk and fell just beyond the paved portion. There was rough ice on the paved walk, but the ice was smooth where the plaintiff fell and there was no abrasive substance on either area. Snow was piled along the side of both the paved walk and the unpaved path. The plaintiff had seen the same icy condition three or four days before the day on which she fell.

On direct examination the plaintiff was asked, "And when you were out there three days before, was there anything on the ice on the sidewalk or the place where you fell in front of the——" and the plaintiff interrupted with the answer, "No." Defense counsel objected on the ground that conditions several days before were immaterial as to conditions at the time of the fall. He did not, however, ask to have the answer stricken. The plaintiff's counsel claimed the question on the issue of "notice", but the court sustained the defendant's objection without instructing the jury to disregard the answer. The plaintiff assigns error in the ruling. It appears that the objection was not deliberately delayed so as to constitute a "gambling on the answer" under the rule of cases such as *D'Andrea* v. *Rende,* 123 Conn. 377, 383, 195 A. 741. The exclusion of the question, under our rule, was effective even though the answer had been given before the question had been completed or there had been opportunity for an objection. *Hackenson* v. *Waterbury,* 124 Conn. 679, 684, 2 A.2d 215. If there was uncertainty as to whether the jury would understand that the answer, although it had come in, had been excluded by the ruling sustaining the objection to the question, the court could, of its own motion, have stricken the answer and explained to the jury the

effect of the ruling, or the objecting party could have requested such action on the part of the court. Ibid. Neither course was followed, and, under the circumstances, no material error has been shown.

The plaintiff offered a witness who testified to his qualifications as a safety engineer or safety expert. In the recital of his qualifications there was no showing that he was acquainted with the cost of structural repairs. He testified that he examined the premises on September 20, 1962, nearly nine months after the plaintiff's fall, that he then saw no gutter on the edge of the porch roof and that a gutter would prevent water from the roof from flowing into the depression. He was then asked if he knew what the cost of a gutter properly installed would be. Defense counsel objected that the inquiry was immaterial, and the plaintiff's counsel claimed that the cost was an element for the jury to consider in determining what "should have been done before the accident." The court, in the exercise of its discretion, properly sustained the objection. It is clear that the plaintiff's claims of proof did not purport to establish whether the water which had frozen to form the ice on which the plaintiff fell had come from the porch roof or from the thawing of the substantial amount of snow on the ground, from a combination of both, or from other causes. Moreover, the condition with which the jury was concerned was the alleged defect which actually caused the injury, namely the ice unprotected by sand or other substance, rather than conditions naturally productive of that defect and subsequently in fact producing it. *Monahan* v. *Montgomery,* 153 Conn. 386, 390, 216 A.2d 824; *Krause* v. *Almor Homes, Inc.,* 149 Conn. 614, 618, 183 A.2d 273; *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 152, 104 A.2d 221.

The same witness was asked his opinion as to the cost of filling the depression at the end of the walk. Defense counsel objected on the same ground, namely, that the inquiry was immaterial, and the court sustained the objection. The plaintiff's claim of proof was that there was ice on both the walk and on the unpaved area beyond it leading to the trash barrels. The cost of filling a depression in the latter area could have little, if any, bearing on the defect which caused the fall.

The same witness was asked his opinion, based on a hypothetical question, as to whether the maintenance of the porch roof without a gutter and the depression at the end of the walk "with freezing weather during the wintertime" was "reasonably safe for use of the tenants." Defense counsel objected on the ground that the question was one for the jury to decide. The court sustained the objection. The question was one for the jury to answer and did not call for the expression of expert opinion. *State* v. *Donahue,* 141 Conn. 656, 667, 109 A.2d 364, cert. denied, 349 U.S. 926, 75 S. Ct. 775, 99 L. Ed. 1257. The ruling was correct.

. The final assignment of error is "[i]n admitting the testimony of Henry Sheffield, as stated in paragraph 64 of the Finding." That paragraph contains a series of twenty-eight questions and answers interspersed with colloquy of counsel and court. There is only one question in the whole series to which objection was made by the plaintiff and to which an exception was taken when the objection was overruled by the court. The court's ruling on this question thus furnishes the only issue. Practice Book § 226; *Farlow* v. *Andrews Corporation,* 154 Conn. 220, 226, 224 A.2d 546; *Guerrieri* v. *Merrick,* 145 Conn. 432, 435, 143 A.2d 644. It appears that, when

called by the plaintiff, the witness had testified, on direct examination, that he is, and was at the time of the plaintiff's fall, an officer of the defendant corporation. He described his duties and the duties of other officers but could not remember whether he was president of the corporation at the time the plaintiff fell because there was a change of officers at about that time owing to a death in the family. On cross-examination, the witness was asked, "And this Mutual Loan is a small outfit, isn't it?" The plaintiff's counsel objected, the witness answered, "That's right," and defense counsel stated, "I expected that. Withdraw it. Withdraw it." The witness was then asked whether the officers about whom he had testified on direct examination "were almost all Polish families that are intermarried that are officers of this corporation." The plaintiff's counsel objected on the ground that it did not matter who composed the corporation or whether it was large or small. Defense counsel claimed the question to show that the defendant was a family corporation with but one piece of property to maintain "[s]o that the inference won't be there that this is a big money making corporation." The court overruled the plaintiff's objection, and the plaintiff duly excepted.

When defense counsel asked whether the defendant is "a small outfit", immediately withdrew the question after receiving the desired answer, and then continued with the suggestion that the defendant is not "a big money making corporation", he deliberately indulged in highly improper tactics. The size of the defendant corporation was irrelevant and not a proper subject of comment. The comment was not only improper but could scarcely be "attributed to momentary inadvertence or to ardor of

advocacy". *Frohlich* v. *New Haven,* 116 Conn. 74, 77, 163 A. 463. Under all the circumstances, however, it does not appear that the impropriety had a prejudicial effect on the verdict as in cases such as *Atchison* v. *Lewis,* 131 Conn. 218, 223, 38 A.2d 673, *State* v. *Santello,* 120 Conn. 486, 490, 181 A. 335, and *Hennessy* v. *Metropolitan Life Ins. Co.,* 74 Conn. 699, 708, 52 A. 490. Although it was entirely improper and out of order, the comment is not shown to be prejudicial and was not objected to on that ground, and the ruling of the court cannot be found to constitute reversible error. *Distin* v. *Bradley,* 83 Conn. 466, 471, 76 A. 991. The remainder of the objection, namely, that "it doesn't make any difference . . . who it [the corporation] is composed of" was without merit in view of the testimony of the witness, on direct examination, concerning the identity and duties of the officers of the corporation.

There is no error.

In this opinion the other judges concurred.