[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON POST VERDICT MOTIONS TO SET ASIDE, FOR NEW TRIAL, AND FOR ADDITUR/REMITTITUR
The three cases captioned above were consolidated and tried together to a jury which rendered verdicts on the state and federal claims of the plaintiffs against the two defendants who remained in the case after the withdrawal of claims against other parties who had originally been named as defendants. The plaintiffs alleged that they suffered injuries and damages as a result of violations of civil rights, negligence, and intentional torts committed by defendants William Lowe and John Lysobey, police officers employed by the City of Norwalk. The administrators of the estates of Michael Towns and Corey Jones further claimed that their decedents had died as a result of the defendants' misconduct.
The suits arose from an incident that began with defendant Lowe stopping a car driven by Michael Towns in Norwalk in the early hours of February 12, 1992. Defendant Lowe approached the car, said nothing to the occupants, and returned to his police CT Page 6218 vehicle without expressly directing Towns to remain. Towns sped off and Lowe, later joined by other police officers, pursued him from Norwalk along Interstate Route 95 to Exit 26 in Bridgeport, where the Towns car left Route 95 and swerved on to a traffic island a short distance from the foot of the exit ramp, stalling out. The plaintiffs claimed that defendant Lowe and Lysobey unjustifiably fired seventeen shots toward the Towns car, wounding Towns and plaintiff Shamon Clark, a thirteen-year-old seated in the front passenger seat. The plaintiffs claim that the occupants of the car were convinced that the police meant to kill them and that Towns sped off, losing control of the car, which plunged into a deep creek at a nearby fuel oil yard, where Towns and another passenger, twelve-year-old Corey Jones, drowned after getting out of the submerged car. A state trooper on the scene pulled Clark from the icy water.
The defendants took the position at trial that they had fired their semiautomatic weapons because the Towns car backed up off the traffic island and posed a threat to defendant Lowe while he was out of his own vehicle and behind the Towns car. The location of the officers and their vehicles and of the Towns car in the incident at the traffic island was vigorously disputed at trial. The jury was presented with copious evidence concerning the recollections and reports of the participants and forensic evidence concerning the location of shell casings found and entry points of bullets into the Towns car, which was retrieved from the deep creek. The plaintiffs contended that the officers had shot at the Towns car not while it backed up but while it was speeding away, at a time when it posed no risk to the officers. The plaintiffs emphasized that the chase had been undertaken without any indication that any occupant of the Towns car had committed a criminal offense or was engaged in any illegal activity, and they sought to convince the jury that the officers shot at the car out of rage that Towns had led them on a chase.
The jury separately considered each plaintiffs claim against each of the two defendants, reaching verdicts in favor of defendant Lysobey on all counts in all three cases. The jury found defendant Lowe liable pursuant to 42 U.S.C. § 1983 to all three plaintiffs for violation of civil rights in subjecting them to gunfire. It also found defendant Lowe liable for assault and battery as to Towns and Clark and for intentional infliction of emotional distress as to Jones. The jury found in favor of defendant Lowe on the all claims of negligence and on Towns' and Clark's claims of intentional infliction of emotional distress. CT Page 6219
After the jury returned its verdicts on liability issues, the court separately charged on the damages issues relevant to the findings on liability. That charge included specific instructions that damages could be awarded only for those elements of damages that the jury found were proximately caused by the actions of Lowe that were the basis for the findings of liability against him. The jury found damage as follows: for plaintiff Clark, whose claims of injury included a gunshot wound to the shoulder, $2,000 in compensatory damages and $48,000 in punitive damages; for the administrator of the estate of Corey Jones, whose claims included wrongful death and ante mortem emotional distress, $113,085 in compensatory damages and $120,000 in punitive damages; for the administrators of the estate of Michael Towns, whose claims included wrongful death and a gunshot wound, $10,408 in compensatory damages and $90,000 in punitive damages.
Defendant Lowe has moved to set aside the jury verdicts, for remittitur, and for a new trial in all three cases. Plaintiffs Mattie Towns and James Hawthorne, administrators of the estate of Michael Towns, have moved to set aside the verdict in favor of defendant Lysobey, and have also moved for additur against defendant Lowe.
Standard of Review
The Connecticut Supreme Court has noted that litigants have a constitutional right To have issues of fact determined by a jury.Labbe v. Hartford Pension Commission, 239 Conn. 168, 192 (1996);Palomba v. Gray, 208 Conn. 21, 25 (1988); Mather v. GriffinHospital, 207 Conn. 125, 139 (1988). See also Novak v. Scalesse,43 Conn. App. 94, 104, cert. granted then appeal withdrawn,239 Conn. 925 (1996). The Supreme Court has counseled that "the trial court should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality." Palomba v. Gray, supra, 208 Conn. 24.
Defendant's Motion to Set Aside
Defendant Lowe asserts, essentially, that the jury could not CT Page 6220 logically have found him liable and defendant Lysobey not liable. The movant's argument is based on the premise that the jury had to accept the two officers' versions of what transpired at the traffic island and exonerate both. The jury did not, however, have to accept the defendants' testimony as wholly true, and it had ample reason to rely on other evidence, especially forensic evidence. A state trooper had stated in a report that he observed gunfire while the Towns car was headed away from the officers. The jury was entitled to believe that account rather than the trooper's later, amended account. The difference in determinations with regard to the two officers reasonably reflects evidence of different conduct. The jury could reasonably have found that defendant Lysobey fired only when the Towns car was backing toward the police vehicles, potentially endangering Officer Lowe, but that defendant Lowe continued to shoot after the car was clearly headed forward in a manner that did not suggest any movement other than to escape from the officers. The jury could reasonably have concluded that shooting at a vehicle that was posing no danger was an unwarranted use of force under the standard explained to them. Such conclusions are supported by evidence in the record and inferences that could reasonably be drawn from that evidence.
Defendant Lowe further asserts that the differing awards of punitive damages require that the verdicts be set aside. As this court explained to the jury, the three plaintiffs all sought punitive damages as to their federal claim of violation of civil rights. The court explained the standard for awarding such damages. See Smith v. Wade, 461 U.S. 30, 51 (1983); Torres v.Waterbury, 30 Conn. App. 620, 623-24 (1993). The amount reasonably necessary to achieve the purposes of punitive damages is not one amenable to a precise or simple mathematical calculation. See BMW of North America v. Gore, 517 U.S. 559, 582 (1996); Lee v. Edwards, 101 F.3d 805 (2d Cir. 1996). This court cannot say that the amounts arrived at by the jury are so unusual as to lead to an inference of mistake or partiality or corruption.
The administrators of the estate of Michael Towns sought punitive damages not only as to the federal claim, but also as to the state law claim of assault and battery. The measure of punitive damages under state law is a plaintiffs litigation expenses less taxable costs. Berry v. Loiseau, 223 Conn. 786,825-827 (1992). Towns' administrators presented evidence that they had expended $120,000 in pursuing their claim. The court CT Page 6221 questioned their counsel and defense counsel as to whether they advocated having two lines on the verdict form to reflect separate findings on federal and state punitive damages as to the Towns claim. Both counsel stated that they favored a single line for punitive damages. As a result, it is impossible to determine which part of the punitive damages award, if any, reflects an award under the state claim.
The defendant asks the court to speculate that the jury's award of $120,000 in punitive damages to the administrators of the estate of Corey Jones proceeded from the jury's use of the Towns evidence of attorney's fees to decide a claim to which it did not apply. This court refuses to engage in such speculation. The sum awarded to the estate of Corey Jones is not one that is outside the realm of a sum reasonably calculated to deter the defendant and others from similar actions in the future, nor is the sum arrived at by adding all three awards of punitive damages against this defendant unreasonable. Jury verdicts should not be set aside upon a mere hypothesis concerning the jury's reasoning, where the figures arrived at are consonant with the purposes of punitive damages and not so large as to raise the prospect of prejudice or corruption.
Defendant Lowe asserts as an additional ground for setting aside the verdict that he was entitled to put before the jury the conclusions of States Attorney Donald Brown that Lowe's conduct was not criminal and a report of the United States Department of Justice declining to take action against defendant Lowe. The reports which the defendants sought to introduce were hearsay evidence. The opinions of third parties as to whether the defendants' conduct was criminal were not relevant to the determination by the jury whether the conduct shown in the evidence presented to it was actionable under the civil causes of action asserted. To the extent that any investigation concerned a determination whether a violation of civil rights had occurred, the opinion of third parties was inadmissible because it concerned the ultimate issue which was for the trier of fact to decide. See Kowalewski v. Mutual Loan Co., 159 Conn. 76, 80
(1970); State v. Donahue, 141. Conn. 656, 667; appeal dismissed,349 U.S. 926 (1954). The circumstance was not one in which it was impossible for the jury to make a determination on the underlying evidence, without the opinion of an informed expert, as is the case in some technical areas. See., e.g., Pisel v. StamfordHospital, 180 Conn. 314 (1980). CT Page 6222
The people whose opinions the defendants sought to put before the jury were not witnesses to the events at issue but had merely performed the same task as the jury was to perform, that is, a review of testimony, reports, and forensic information. The task of these investigators was to make inferences and draw conclusions concerning credibility. The defendants' rationale for admitting such opinions would likewise support allowing police officers who investigate automobile accidents to testify to their opinions as to which driver was at fault. Such outside opinions on liability concerning the evidence presented to the jury have not been regarded as admissible. Turbert v. Mather Motors, Inc165 Conn. 422, 434 (1973); Giamattei v. DiCerbo, 135 Conn. 159,162 (1948).
Defendant Lowe further claims that the jury could not reasonably have found his actions not to be protected by the doctrine of qualified immunity, which shields police officers from liability if their conduct either did not violate clearly established rights of which a reasonably person would have known or if it was objectively reasonable for an actor to have believed at the time that his actions did not violate these rights. The right of a person not to be subjected to use of deadly force when he was not posing a risk to the officer or others was well-established at the time. Harlow v. Fitzgerald, 457 U.S. 800
(1982).
The facts were very much in dispute concerning the circumstances at the time Lowe fired. His reports of the Towns car hitting the police vehicle were cast into grave doubt by the almost imperceptible signs of damage to the cruiser (Ex. 201CC and 201DD), and the jury may well have believed the initial report of a state trooper who described gunfire occurring as the Towns car was fleeing (Ex. 237). In this case, as in Ham v.Greene, 248 Conn. 508, 526 (1998), the legal issue of immunity was highly dependent on the jury's factual findings as to what the factual circumstances were when Lowe was firing his weapon. If the jury found that Lowe fired when the vehicle was posing no risk to his safety or the safety of others, but was merely fleeing, then the rejection of the qualified immunity defense was warranted. No witness testified that use of gunfire is warranted simply to deter flight, and Lowe himself did not suggest that he had an such notion concerning the scope of citizens' rights not to be subjected to the risks of use of deadly force.
Defendant Lowe has pointed to the jury's finding of immunity CT Page 6223 in favor of Lysobey even though it found he had not violated the plaintiffs' civil fights. When the jury first reported that it had reached verdicts, the court noted that it had not decided the issue of qualified immunity as to Lowe. All six of the verdict forms were returned to the jury with the instruction that it must reflect its decision on all issues. It may well have been that this instruction prompted the jury gratuitously to address the immunity issue for a defendant they had not found to have committed a violation. This happenstance does not furnish any reason to set aside the jury's determination that a defendant who had violated the plaintiffs' civil rights engaged in conduct that was not objectively reasonably under the circumstances as the jury found them to be, and under clear standards limiting use of gunfire.
Similarly, the jury could reasonably have concluded that defendant Lowe fired when he did with the intent of inflicting emotional distress on the car's occupants in retaliation for leading him on a protracted chase. The jury found this claim proved only by the administrator of the estate of Corey Jones. The other plaintiffs have not moved to set aside the verdicts based on the jury's rejection of their similar claims.
The jury was presented with evidence from which it could have concluded that Lowe fired directly into the rear seat of the Towns car, where he know the twelve-year-old to be located. The differences in the location in the Towns car of the other occupants may have led the jury to believe that Lowe's intentions with regard to them was to stop the car, rather than to terrify the occupant with the greatest exposure to his gunfire. Inferences of intent are highly dependent on the circumstances; DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991); and this court cannot conclude that the jury could not reasonably have determined that Lowe fired at Corey Jones with the intent of inflicting emotional distress on a very young person with no plausible prospect of affecting the action of the adult driver of the car.
The court finds that the jurors' determination on the Jones claim of intentional infliction of emotional distress was supported by the evidence and that there is no basis for concluding that they proceeded from a mistake as to the law or from partiality, prejudice or corruption.
Plaintiffs' Motion to Set Aside/Additur
CT Page 6224
The plaintiff administrators of the estate of Michael Towns assert that the jury could not logically have found that defendant Lysobey was not liable. As has been explained above, the events at issue, though very brief in duration, are nevertheless severable into independent time frames. In one time frame, the jury could reasonably have determined that gunfire was justified and that defendant Lysobey fired only when the Towns car appeared to be backing up toward Lowe and not a split second later, when the Towns car was fleeing and posing no risk. The jury could reasonably have determined that it was not a violation of the plaintiffs' civil rights to be fired upon while they were backing toward police officers, but that a violation occurred when the risk to the officers ceased. Accordingly, the court finds no basis to set aside the jury's determination with regard to defendant Lysobey.
The Towns administrators have also moved for additur as to the verdict against defendant Lowe, asserting that the compensatory damages award of $10,408 does not reflect the injuries sustained. The movants' argument overlooks the fact that the jury could reasonably have decided that defendant Lowe's actions caused only fear and a gunshot wound, and that Towns' death resulted from his negligent driving or from his decision to continue to try to evade the officers after he had gotten out of the car in the creek. There was evidence that Towns told plaintiff Clark that he was wanted by the police for reasons not related to the events of that evening, and the jury could well have believed that he died because of the intervening cause of his decision not to surrender to the police who rescued Clark. The Supreme Court has noted that it is not an abuse of discretion to fail to order additur even when no damages are awarded for a claimed element of damages when the issue of proximate cause of the claimed damages is in dispute. Childs v. Bainer, 235 Corin. 107, 122 (1995).
Conclusion
The movants have not established any basis to set aside the determinations of the jury, which the court finds are reasonably supported by the evidence and which are consonant with the law that applies to the factual determinations that the jury could reasonably have made on the basis of that evidence. The defendant's motion to set aside the verdict, for a new trial and for remittitur is denied. The motion of the administrators of the CT Page 6225 estate of Michael Towns to set aside the verdict in favor of defendant Lysobey and for additur to the verdict against defendant Lowe is denied.
Beverly J. Hodgson Judge of the Superior Court