STATE OF CONNECTICUT *v.* CHARLES WHITLEY
(AC 16884)

Lavery, Hennessy and Dupont, Js.

Argued December 10, 1998—officially released May 25, 1999

*Conrad Ost Seifert*, special public defender, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *James Thompson*, state's attorney, and *Anne F. Mahoney*, assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Charles Whitley, appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes (Rev. to 1991) § 53a-70 (a) (2),[1] and one count of risk of injury to a child in violation of General Statutes (Rev. to 1991) § 53-21.[2] The defendant claims that the trial court

---

[1] General Statutes (Rev. to 1991) § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with a person under thirteen years of age."

[2] General Statutes (Rev. to 1991) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen

improperly (1) admitted expert testimony and (2) mis-characterized expert testimony in the request to charge.[3] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. Between July 27 and November 13, 1992, the defendant lived with his girlfriend and her three sons in their apartment in Hartford. During this period, the boys' mother paid the defendant, who was not the father of the children, to baby-sit her sons from 7 a.m. to 2 p.m. while she attended Church Academy School.

On more than one occasion when the defendant was baby-sitting the boys, the defendant sexually assaulted C, who was six years old at that time. According to C, the defendant would order C to lie down on his mother's bed and pull his pants down. The defendant would then penetrate C anally. In addition, the defendant once forced C to perform fellatio on him. On one occasion, C's brother, B, walked by his mother's room while the door was open and witnessed the defendant assaulting C.

C did not report the abuse until one week after the defendant had moved out of the apartment and relocated to Florida. On November 30, 1992, C was interviewed by Diane Edell, a social worker at Saint Francis Hospital and Medical Center. During the interview, C disclosed to Edell both types of sexual abuse by the defendant. C was thereafter examined by Audrey Courtney, a pediatric nurse practitioner, in December, 1992. Courtney reported C's anal and genital areas to be normal.

years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[3] During oral argument, the defendant's counsel informed the court that the defendant was abandoning his first issue on appeal, which had dealt

The defendant was charged and tried before a jury in October and November, 1996, and was subsequently convicted of two counts of sexual assault in the first degree in violation of § 53a-70 (a) (2) and one count of risk of injury to a child in violation of § 53-21. This appeal followed.

I

The defendant first claims that the trial court improperly admitted expert testimony. He specifically refers to the testimony of Courtney and Elaine Yordan,[4] a nontreating physician who had reviewed C's file. Each expert witness testified as to the relationship between physical injury and sexual abuse.[5]

"[T]he trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the ruling involves a clear misconception of the law, the trial court's decision will not be disturbed. *State* v. *Campbell*, 225 Conn. 650, 654, 626 A.2d 287 (1993); *State* v. *Kemp*, [199 Conn. 473, 476, 507 A.2d 1387 (1986)]; *State* v. *Palmer*, 196 Conn. 157, 166, 491 A.2d 1075 (1985); *Siladi* v. *McNamara*, 164 Conn. 510, 513, 325 A.2d 277 (1973); *Coffin* v. *Laskau*, 89 Conn. 325, 330, 94 A. 370 (1915). *State* v. *Esposito*, 235 Conn. 802, 834, 670 A.2d 301 (1996). Expert testimony should be admitted when: (1) the witness has a special skill or knowledge directly applicable to a matter in issue, (2) that skill or knowledge is not common to the

with allegedly improperly voir dire questioning. We will address, therefore, only the remaining two issues on appeal.

[4] In his brief, the defendant also raises an issue with regard to the testimony of Diane Edell. During oral argument, however, the defendant's counsel stated that Edell's testimony was not being challenged here. We, therefore, limit our discussion to the testimony of Courtney and Yordan.

[5] During trial, the defendant had filed a motion in limine seeking to prevent any expert from testifying that the lack of physical evidence neither refuted nor confirmed the allegations of sexual abuse, arguing that such testimony is unreliable and concerned an ultimate issue in the case. The trial court denied that motion.

average person, and (3) the testimony would be helpful to the court or jury in considering the issues." (Internal quotation marks omitted.) *State* v. *Correa*, 241 Conn. 322, 353–54, 696 A.2d 944 (1997).

The defendant attacks the admissibility of Courtney's and Yordan's testimony on four grounds: relevancy, impermissible bolstering of the victim's credibility, the testimony was an expression of opinion on an ultimate issue and the testimony was more prejudicial than probative.

### A

The defendant first claims that the trial court improperly admitted expert testimony that was irrelevant. We disagree. "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is irrelevant or too remote if there is such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former is not worthy or safe to be admitted in the proof of the latter. . . . A party is not required to offer such proof of a fact that it excludes all other hypotheses; it is sufficient if the evidence tends to make the existence or nonexistence of any other fact more probable or less probable than it would be without such evidence. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Citations omitted; internal quotation marks omitted.) *State* v. *Kiser*, 43 Conn. App. 339, 361–62, 683 A.2d 1021, cert. denied, 239 Conn. 945, 686 A.2d 122 (1996), cert. denied, 520 U.S. 1190, 117 S. Ct. 1478, 137 L. Ed. 2d 690 (1997).

The trial court properly admitted the testimony of Courtney and Yordan. Both experts possessed a special knowledge of the physiology of the rectal area and the consistency of physical injury to that area with sexual assault. While we agree with the defendant's assertion that "[w]hen inferences or conclusions are so obvious that they could be as easily drawn by the jury as the expert from the evidence, expert testimony regarding such inferences [is] inadmissible"; *State* v. *Apostle*, 8 Conn. App. 216, 232, 512 A.2d 947 (1986), citing *State* v. *George*, 194 Conn. 361, 373, 481 A.2d 1068 (1984), cert. denied, 469 U.S. 1191, 105 S. Ct. 963, 83 L. Ed. 2d 968 (1985); this is not the case here. The physiology of the rectal area in the context of suspected sexual abuse is beyond the knowledge of an average juror. In addition, this testimony could have aided the jury in considering the issue of sexual assault and was therefore relevant.

## B

The defendant next claims that Courtney's and Yordan's testimony impermissibly bolstered the victim's credibility. This claim is without merit. "Trial courts have wide discretion with regard to evidentiary issues, and their rulings will be reversed only if there has been an abuse of discretion or a manifest injustice appears to have occurred. . . . Every reasonable presumption will be made in favor of upholding the trial court's ruling, and it will be overturned only for a manifest abuse of discretion. . . . Accordingly, we must determine whether the prejudicial effect of the testimony outweighed its probative value." (Citations omitted.) *State* v. *Gracia*, 51 Conn. App. 4, 15–16, 719 A.2d 1196 (1998).

When considered in context, Courtney's and Yordan's testimony did not paint a blatantly one-sided picture that impermissibly bolstered the victim's testimony. In

his brief, the defendant claimed that when Courtney and Yordan testified on the basis of their reading of literature and their own expertise concerning the relationship between physical injury and sexual abuse, "it perforce bolstered the credibility of the alleged victim's testimony." A review of the relevant portion of the transcript reveals the following examination of Courtney by the assistant state's attorney:

"Q. Again, based on the literature that you're familiar with about findings in sexual abuse cases, would you expect to find injuries or abnormal examination if a child is sexually abused?

"A. Not necessarily.

"Q. And what are some of the explanations that you are aware of based on literature as to why you might not make a finding when you're examining a child?

"A. *One reason would be that the child wasn't sexually abused.* Another reason would be that an injury might have healed. Another reason would be that it was the type of contact that wouldn't necessarily cause an injury, like oral sex or anal penetration might not cause an injury. An injury might be healed, did I say that?" (Emphasis added.)

The issue we must address is whether the experts' testimony, entered over objection, improperly invaded the jury's function solely to determine the credibility of witnesses. *State* v. *Cintron*, 21 Conn. App. 48, 54, 571 A.2d 139 (1990). We are not convinced that the experts' testimony impermissibly bolstered the victim's credibility. "In all but the most exceptional circumstances, the trial court should allow adversaries' counsel, subject to the rules of evidence, to elicit from witnesses whatever responses may appropriately influence the jury's judgments on credibility." *State* v. *Smith,*

200 Conn. 544, 550, 512 A.2d 884 (1986). Here, the testimony was properly determined to be relevant. Furthermore, while the defendant claims this testimony unfairly bolstered the victim's credibility, the jury reasonably could have also considered this testimony to be exculpatory. Because of the ambivalent nature of this testimony, we cannot say that it improperly bolstered the credibility of the victim.

## C

The defendant next claims that the trial court improperly allowed Courtney and Yordan to provide expert testimony to the effect that a finding of no physical injury is consistent with sexual assault. The defendant asserts that this testimony is an opinion on an ultimate issue in the case and, therefore, should not have been admitted. We are unpersuaded.

"An expert witness ordinarily may not express an opinion on an ultimate issue of fact, which must be decided by the trier of fact. *State* v. *Vilalastra*, 207 Conn. 35, 41, 540 A.2d 42 (1988); *State* v. *Spigarolo*, [210 Conn. 359, 372, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989)]; *Kowalewski* v. *Mutual Loan Co.*, 159 Conn. 76, 80, 266 A.2d 379 (1970); *In re Noel M.*, 23 Conn. App. 410, 422, 580 A.2d 996 (1990). An expert may, however, give an opinion on an ultimate issue where the trier, in order to make intelligent findings, needs expert assistance on the precise question on which it must pass . . . . *State* v. *Rodgers*, 207 Conn. 646, 652, 542 A.2d 1136 (1988); *State* v. *Vilalastra*, supra, 41. [E]vidence of the . . . medical effect upon the human system of the infliction of injuries, is generally not within the sphere of the common knowledge of a lay witness; *Collette* v. *Collette*, 177 Conn. 465, 471, 418 A.2d 891 (1979); and requires expert testimony. *State* v. *McClary*, 207 Conn. 233, 241, 541 A.2d 96 (1988); *Sickmund* v. *Connecticut Co.*, 122 Conn. 375, 379, 189 A. 876 (1937). The trial court's exercise

of discretion in admitting expert testimony is not to be disturbed unless it has been abused or the error is clear and involves a misconception of the law." (Internal quotation marks omitted.) *State* v. *Smith*, 35 Conn. App. 51, 70, 644 A.2d 923 (1994).

Despite the defendant's assertion to the contrary, the existence or absence of physical injury to a victim's genital or anal area and its relation to a sexual assault is not necessarily an obvious matter within the common knowledge of the average person. In addition, Courtney's and Yordan's expert testimony assisted the jury in intelligently assessing the ultimate issue of whether a sexual assault had occurred. Furthermore, a review of relevant portions of the transcript reveals that while Courtney testified that physical injury would not necessarily be found in a case of sexual abuse and Yordan responded affirmatively to the state's question of whether an absence of physical injury is consistent with sexual assault, they also testified that a lack of physical injury could indicate that an assault did not occur. We conclude, therefore, that the trial court did not abuse its discretion in allowing the state's experts to testify about the consistency of a lack of physical injury with assault.

D

The defendant further argues that even if the expert testimony was relevant, the trial court improperly admitted Courtney's and Yordan's testimony because its prejudicial effect outweighed its probative value. We disagree.

"The trial court, however, should admit only that evidence where its probative value outweighs its prejudicial effect. *State* v. *Maturo*, 188 Conn. 591, 597–98, 452 A.2d 642 (1982)." *State* v. *Middlebrook*, 51 Conn. App. 711, 720, 725 A.2d 351, cert. denied, 248 Conn. 910, 731 A.2d 310 (1999). "Prejudice is not measured by the

significance of the evidence which is relevant but by the impact of that which is extraneous." *State* v. *DeMatteo*, 186 Conn. 696, 703, 443 A.2d 915 (1982). The testimony at issue was not extraneous but, as we have held, was relevant and tended to prove an issue in the case— that the victim had been sexually assaulted. As we stated previously, however, the testimony at issue here also could tend to disprove that the victim had been assaulted. Because this evidence could be interpreted as either favorable or unfavorable to the defendant, the testimony clearly was not necessarily prejudicial. We, therefore, determine that the trial court properly admitted the testimony.

## II

The defendant claims finally that the trial court mischaracterized Courtney's expert testimony in the request to charge the jury and thereby bolstered the victim's credibility. This claim is without merit.

"Our analysis begins with a well established standard of review. When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is . . . whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . [this court] will not view the instructions as improper. . . . *State* v. *Denby*, 235 Conn. 477, 484–85, 668 A.2d 682 (1995)." (Internal quotation marks omitted.) *State* v. *Delgado*, 247 Conn. 616, 625, 725 A.2d 306 (1999).

The defendant challenges the portion of the charge in which the trial court commented on Courtney's expert testimony. The court stated: "[Courtney] went on, on

the basis of her experience and training in this area, to indicate that, in her opinion, based on her experience, understanding of the literature, treatises on the subject and her training, that the absence of this visible trauma in the rectal area would not preclude rectal penetration. I believe she referred to the stretching, elastic character of the wall of the rectal cavities and she indicated that her examination, revealing no tear or trauma, neither confirmed or refuted the occurrence of anal penetration. She was, of course, cross-examined very closely by the defense and the defense [emphasized] that there exists no medical or physical confirmation or indication of any such anal intercourse with respect to either child." Defense counsel thereafter excepted to that portion of the charge as follows: "I believe that Your Honor indicated that Audrey Courtney had testified about the elastic character of the wall of the anal cavity. My notes reflect, upon questioning by the state, she indicated that she could not say whether or not the two victims' anal cavities were sufficiently elastic to have allowed penile penetration." In response, the trial court stated: "Well, I think it's their recollection of the evidence that controls and I told them anything I say was just my recollection and it was their recollection that controls."

In response to further insistence by defense counsel, the trial court gave to the jury a supplemental charge, to which defense counsel did not except, in which it emphasized again that it is each juror's recollection that controls, rather than the trial court's recollection of the evidence.[6] Upon examination of the entire jury charge,

[6] The relevant portion of the trial court's supplemental charge is as follows: "Now, also I did, toward—at the end of my charge, make certain comments to you and statements to you regarding some of the evidence in the case and that was for the purpose of clarifying the factual or credibility issues you are required to resolve in this particular case. And in that regard, as I told you at the time, with reference to any statements by the court regarding my recollection of what the evidence was, that is not controlling on you but rather it is your own recollections which control the evidence as you recollect it and, as I also indicated, you are, of course, entitled to have testimony, any of the evidence, reread by the court stenographer to you

we conclude that the trial court properly instructed the jury regarding Courtney's expert testimony. In addition, we disagree with the defendant's claim that the trial court mischaracterized Courtney's testimony, thereby bolstering the victim's credibility. Moreover, the trial court's supplemental charge reemphasized its original instruction that the jurors' own recollections controlled. Consequently, our review of the trial court's charge as a whole reveals that it was not reasonably possible that the jury was misled by any mischaracterization of Courtney's testimony.

The judgment is affirmed.

In this opinion the other judges concurred.

but, in any event, it is not my recollection of the evidence that controls, if my recollection differs from your recollection, then it's your recollections that control."