[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE EVIDENCE ABOUT AN OFFER TO SETTLE, (#116), DATED JANUARY 26 AND RESPONDENT'S (CORRECTED) MOTION TO STRIKE EVIDENCE ABOUT AN OFFER TO SETTLE, (#120), FILED MARCH 10TH
The respondent has filed the above mentioned motion and there is an objection filed by the Statewide Grievance Committee. That objection is motion #119 filed February 10th.
John Timbers moves to strike all the evidence that was introduced at trial about a settlement offer and other settlement discussions made during a December, 1996 telephone conversation between Mark Kovac, Esq. and John Timbers. At the time Mr. Kovac was representing Lukken Color Corporation. The discussion was concerning Mr. Timbers lawsuit brought for his fee. Although the motion does not spell out with specificity what part is sought to be stricken, collateral sources indicate the testimony and the court has reviewed the transcript to determine the relevant section. The court notes that the testimony is part of the transcript of the proceeding on November 16, 1999 which begins on page 104. The court notes that Mr. Timbers has filed an affidavit being pleading #122 concerning why this matter should be stricken. The court has reviewed the testimony of Mr. Kovac that was given at the time.
The Black Letter Law in Connecticut as articulated in Tait and LaPlante's Handbook of Connecticut Evidence in section 3.5.7 is that, objections to a question should be raised before the answer is given.Hackenson v. Waterbury, 124 Conn. 679, 683 (1938). In this case it is clear that the first objection to this testimony appears in the post trial memorandum dated January 26th.
The court notes that Mr. Kovac's testimony, presented by Attorney Horgan, which begins on page 104 continues only to page 107. The essence of that testimony was that Mr. Timbers was looking for approximately $500,000 based upon hours he spent representing the defendants in litigation. See page 107 of the transcript.
It is clear that Mr. Timber's cross-examination then began without objection to what had been said on direct and the cross-examination was extensive and ran from page 107 through 116. Not only did Mr. Timbers have an opportunity to discuss the $500,000 but also had an opportunity CT Page 8329 to question him concerning the additional amounts claimed in Mr. Timber's lawsuit. It is also clear that Mr. Timbers even tried to qualify Mr. Kovac as an expert witness concerning fees. It is also clear to the court that Mr. Timbers was going to call experts to discuss the reasonableness of fees.
So that when the testimony of Mr. Kovac was concluded, Mr. Timbers indicated that he had no further questions and that he did have two expert witnesses on the reasonableness of the fees that he intended to call thereafter.
On November 17th, the next day Mr. Timbers testified in direct examination in his own case. He begins on page 3 that he would like to go back and mention one thing before he began his narrative and in that matter he addressed the settlement of the Lukken v. Valspar case. He Further discussed on page 6 the testimony of Mr. Kovac and explains that on pages 6 through 12. At no time did he object to the testimony but rather offered substantial explanation concerning it. On page 12 he then begins the presentation of his case.
The court finds that any surprise that may have existed by Mr. Kovac being called to the stand was overcome by the thorough cross-examination of the witness on November 16. The court further finds that Mr. Timbers on his own revisited Kovac's testimony. It wasn't until the brief was prepared on January 26th that this issue was raised at all.
The Motion to Strike was filed after the evidence was closed in the case and briefs had been filed. The Motion to Strike is at the very least not timely. If the court were to strike the testimony now it would have to reopen the case to allow the Statewide Committee an opportunity to address the stricken testimony. This the court will not do. The court has broad discretion on a Motion to Strike and in face of an objection declines to strike the evidence. The evidence remains for whatever relevance and probative value it may have to assist the trier of fact.
Accordingly, the Motions to Strike #116 and #120 are denied and the objection #119 is sustained.
KARAZIN, J.